[No. 7861]

### DILLULO v. THE PEOPLE.

1.  CRIMINAL LAW—*Information—Verification—Waiver*—Where an ac-
cused person goes to trial, making no objection to the information, he
waives any defect in the verification thereof.   Objection first made in a
motion for a new trial is too late.

2.  ——*Attempt to Murder—Statute Construed*—In a prosecution
under Rev. Stat. sec. 1658 it is not required that, in order to sustain a
conviction, an attempt to commit murder in the first degree should be
shown.   The statute applies to murder in either of the degrees.

*Error to Pueblo District Court.*—Hon. C. S. ESSEX,
Judge.

Mr. D. M. CAMPBELL, Mr. W. J. KERR, and Mr. J. C.
ELWELL, for plaintiff in error.

Hon. FRED FARRAR, Attorney General, and Mr. NOR-TON MONTGOMERY, Assistant Attorney General, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court.

The plaintiff in error was convicted in the district court of Pueblo county upon the charge of assault upon the person of Fred Odorisio, with intent to kill and murder. The affair occurred at a christening and is the apparent result of too much liquor and too many knives. There is no question raised as to the sufficiency of the evidence to justify the verdict.

Reliance is had upon the three assignments of error: (1) that the information is not sufficient, in that it is not properly supported by the affidavit of a witness; (2) an erroneous instruction as to the question of intent, and (3) an erroneous instruction upon the question of flight after the commission of the alleged offense.

The specific complaint as to the insufficiency of the affidavit relates to the form of its verification as follows:

"Subscribed and sworn to before me this 26th day of February, A. D. 1912.

                    E. F. Nichols,
          Clerk of the District Court,
                    By R. L. Nafe, Deputy."

If this objection to the information has merit it was waived by the defendant in going to trial without objection.

The record discloses that the objection was made for the first time upon motion for a new trial. It was held in the case of *Laffey v. People*, decided at this term of court, that where the defendant pleads to the information and without the withdrawal of such plea, attacks the information upon the ground that no proper affidavit has

been filed as provided by the statute, or no preliminary examination has been held, then the objection is too late and the defendant has thereby waived whatever right he may have had in the premises. See also *Bergdahl v. People,* 27 Colo. 307, 61 Pac. 228.

The instructions of the court were by consent of counsel, given orally, and the only objection to any one or more of them was made in the following language:

"Defendants counsel: I desire to except to every one of the instructions given, and especially to the instruction finding the intent necessary to be proved in this case."

This court has repeatedly held that it will not consider objections to an alleged erroneous instruction unless an objection is made to the specific instruction at the time, to the end that the trial court may have opportunity to pass upon the particular objection urged. The objection may possibly be sufficient as to the one instruction relating to intent, but is not so as to any other instruction and none other will be considered.

Instruction No. 4 complained of is in language as follows:

"As to the question of intent, the court instructs you that it devolves upon the people to prove that intent to your satisfaction, beyond a reasonable doubt, but such intent need not be proved by direct and positive evidence. If a sane person uses upon the body of another a deadly and dangerous weapon from which death may result, you are at liberty to presume that death was intended, but such presumption is one of fact and not one of law."

The defendant was convicted under sec. 1658, Rev. Stat. 1908, of: "An assault with intent to commit murder."

While the objection of the plaintiff in error to the instruction complained of is not very clear, yet in their brief counsel say: "The court failed to define any particular intent but grouped together all of the intents which would support murder and then tells them in the next instruction, that that intent must be found as a substantive fact by the jury. Then he tells them as a matter of law that they are at liberty to find that if the defendant stabbed the prosecuting witness with a knife, they might presume that death was intended." Indeed the preceding instruction to the one under consideration, plainly declared otherwise. In that instruction the court defined murder, and the necessary ingredients of the crime charged in this case. This instruction is as follows:

"The court further instructs you that in this case the defendants are charged with an assault to kill and murder. Murder is the unlawful killing of a human being with malice aforethought, either expressed or implied, and includes all of the various means by which death may be occasioned. If in this case, from the definition of murder, you believe and find that if death had resulted, and you find beyond a reasonable doubt it would have constituted murder, then the defendants are guilty of assault to murder in manner and form as charged in the information; otherwise you will acquit."

It would seem from the arguments of counsel that it is the contention that in order to constitute the offense charged, the crime must have been murder in the first degree if death had ensued. Clearly this is not the language of the statute, and it must be held to apply to murder in either of the degrees. The language of the statute is "an assault with intent to commit murder," not murder in any particular degree.

The judgment of the district court is affirmed.

MUSSER, C. J., and GARRIGUES, J., concurring.