[No. 20516.   Department Two.   July 20, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. ARTHUR J. STROM, *Appellant*.[1]

[1] CRIMINAL LAW (24, 28½)—INFANTS (5)—JURISDICTION—CONCURRENT JURISDICTION OF SUPERIOR COURT AND JUVENILE COURT. Exclusive jurisdiction over adults violating the provisions of the juvenile act, is not conferred upon the juvenile department of the superior court, under Rem. Comp. Stat., § 1987-2, giving the superior court original jurisdiction in all cases coming under the act, and Id., §.1987-17, giving the juvenile court jurisdiction, neither section being exclusive; hence the criminal department has jurisdiction to try adults charged under the act.

[2] INDICTMENT AND INFORMATION (36-1)—INFANTS (5)—REQUISITES—REPUGNANCY IN INFORMATION. An information for contributing to the delinquency of a child alleged to be then and there a delinquent, is not void for repugnancy, in that it charges that the accused did "encourage, cause and contribute" to the delinquency of a person already delinquent; since "cause" may be used with reference to the continuance of the delinquency as well as to the initial step.

Appeal from a judgment of the superior court for King county, Kinne, J., entered September 21, 1926, upon a trial and conviction of contributing to the delinquency of a female child.  Affirmed.

*John J. Sullivan*, for appellant.

*Ewing D. Colvin* and *R. M. Burgunder*, for respondent.

ASKREN, J.—Defendant, an adult, was convicted of the crime of contributing to the delinquency of a female child.   Upon appeal, three errors are urged.

[1]   The first error claimed is that the superior court judge before whom the case was tried was not the judge assigned to the juvenile department, and was therefore without jurisdiction to preside at the trial.

[1]Reported in 258 Pac. 15.

It is said that the juvenile court, or juvenile judge alone, has exclusive jurisdiction to hear a case wherein an adult has been guilty of an offense such as the one charged here. In *State ex rel. Harger v. Chapman,* 131 Wash. 581, 230 Pac. 833, we held that justices of the peace also had jurisdiction and there was no exclusive jurisdiction in the superior court for the trial of such offenses. Attention was called therein to the statute, Laws of 1913, pp. 522, 531, §§ 2 and 17 (Rem. Comp. Stat., §§ 1987-2, 1987-17) the former giving the superior court original jurisdiction in all cases coming under the act, and the second giving the juvenile court jurisdiction.

Neither of these sections purport to grant exclusive jurisdiction, and there seems to us no compelling reason for holding that an adult who has contributed to the delinquency of a minor may be tried in either the justice court or the juvenile court, but may not be in the criminal department of the superior court. As was pointed out in *State ex rel. Harger v. Chapman, supra,* there are many reasons why juveniles should come within the exclusive jurisdiction of the juvenile court, since many of their acts are not strictly criminal, nor are the juveniles to be treated as such. But the same rule need not be applied to adults whose acts with reference to minors are made criminal by law and punished as such. We conclude that the criminal department had jurisdiction.

[2] The second error claimed is that the information does not state a crime in that it is bad for repugnancy. The information was as follows:

"He, said Arthur J. Strom, in the county of King, state of Washington, on the 7th day of May, A. D. 1926, did then and there wilfully and unlawfully encourage, cause and contribute to the delinquency of one Aiti Mannesto, then and there a female child under

the age of eighteen years, to wit: of the age of sixteen years, by then and there attempting to indulge in sexual intercourse with said Aiti Mannesto, the said Aiti Mannesto being then and there a dependent and delinquent person by reason of then and there being in danger of growing up to lead an idle, dissolute and immoral life, the said Aiti Mannesto not then and there being the wife of said Arthur J. Strom. . . . ''

It is urged that the words "encourage, cause and contribute" cannot be used together in this form, since the word "cause" must refer to those acts which bring about, or are the initial cause of the delinquency, and the information charged herein that the minor was already a delinquent child.

This question was answered by us in *State v. Adams*, 95 Wash. 189, 163 Pac. 403, where we held that this section of the statute is two-fold in its operation: First, to make criminal the commission of any act which encourages, causes or contributes to causing a child to become dependent or delinquent as defined by law; and second, that it renders punishable any act which encourages, causes or contributes to the continuance of a state or condition of dependency or delinquency which already exists.

In *State v. Williams*, 73 Wash. 678, 132 Pac. 415, we upheld an information which charged the defendant with doing acts which "did then and there wilfully and unlawfully encourage, cause and contribute to the delinquency," although the minor was alleged to have been already delinquent.

We think the word "cause" may well be used with reference to acts which bring about or assist in the continuance of a state of delinquency as well as to refer to the acts which bring about the initial step of delinquency.

One other error is argued, but we think it does not require extended argument. It has to do with whether

there was evidence tending to show previous delinquency. This depends upon the view to be taken of the evidence. From a careful reading of it, we are satisfied that it was for the jury to say whether the minor was delinquent.

Judgment affirmed.

MACKINTOSH, C. J., TOLMAN, HOLCOMB, and MAIN, JJ., concur.