No. 12,986.

SHARP *v.* THE PEOPLE.
(9 P. [2d] 483)

Decided March 7, 1932.

Messrs. GOODING & MONSON, Mr. GILBERT A. WALKER, for plaintiff in error.

Mr. CLARENCE L. IRELAND, Attorney General, Mr. WALLACE S. PORTH, Assistant, for the people.

*In Department.*

MR. JUSTICE ALTER delivered the opinion of the court.

JOSEPH C. Sharp was found guilty of contributing to the delinquency of a minor; motion for a new trial denied, and the judgment of the court was that he pay a fine and serve a term in the county jail. His assignments of error are: (1) Insufficiency of the evidence; (2) refusal of court to grant a continuance; and (3) misconduct respecting the jury.

The charging part of the information was: "* * * that Joseph Sharp on to-wit, the 15th day of June, A. D. 1931, at the said County of Routt was responsible for and by his act did encourage, cause and contribute to the delinquency of———who as (was) then and there a delinquent child and juvenile delinquent person, as defined by the statute of the State of Colorado; by then and there, unlawfully aiding and encouraging the taking of photographs in the nude or semi-nude of the said ———, and by his acts did then and there unlawfully encourage, cause and contribute to the delinquency of the said———, and did then and there by his acts unlawfully encourage, cause and contribute to the said——— becoming immoral, and performing immoral acts ans [and] associating with immoral persons * * *."

The statute under which defendant was charged and with a violation of which he was found guilty reads: "Section 1. In all cases where any person shall be responsible for, or by any act shall encourage, cause or contribute to the delinquency or to the dependency of any child, such person or persons shall be guilty of a misdemeanor * * *." S. L. '23, p. 210, c. 76.

The term "delinquent child" shall include: "* * * any child eighteen years of age or under such age who violates any law of this State or any city or village ordinance; or who is disorderly, immoral or incorrigible; or who knowingly associates with thieves, vicious or immoral persons; or who is growing up in idleness or crime; or knowingly visits or enters a house of ill repute; * * *." S. L. '23, p. 197, c. 75.

 1. The girl involved herein was, prior to the trial of defendant, charged with being a juvenile delinquent child, and adjudged to be such, and at defendant's trial testified that defendant had taken some pictures of her in the nude or semi-nude; defendant and his wife testified that the pictures were not taken by defendant, but were taken by the wife of defendant. The jury must have found, as a matter of fact, and one entirely within

their province and for their exclusive determination, that the testimony of the girl was entitled to weight, credit and belief, while that of defendant and his wife was unworthy of these attributes. There were but three witnesses who testified to the principal facts in the case: the girl, defendant and his wife. There was ample evidence to support the jury's finding that defendant took pictures of the girl in the nude or semi-nude, and, under these circumstances, we should not disturb the verdict. Citation of authorities should be unnecessary.

Under this assignment, defendant also contends that the evidence is insufficient to justify the jury's verdict of guilty because, he says, in order to be guilty of contributing to juvenile delinquency, "he must have encouraged, caused or contributed to the delinquency of ———in committing one of the various acts set forth in chapter 75 of the Session Laws of 1923, heretofore set forth." We may assume that this is a correct statement of the law, and yet it will not justify a reversal herein. The girl was fifteen years of age, unmarried and enceinte, and her known derelictions in other respects brought her well within the definition of a juvenile delinquent child. The defendant was a mature man, married and resided with his wife and three children in the same community in which the girl lived, and, at the time of the offense, was occupying a position of importance in that community. He testified that the girl was wayward in some respects; that she had lived at his house for some time, and eventually he had objected to her continuing to reside there; that he had focused the camera for his wife so that she might take pictures of the girl in her bathing suit, and was in the adjoining room while the pictures were being taken, and had never seen the developed pictures nor was he aware of the fact that pictures of the girl in the nude or semi-nude had been taken. His wife testified that she took the pictures, developed them and gave them to the girl. The girl testified that some of the pictures were actually taken by defend-

ant and endeavored to separate those taken by the wife and by defendant. The jury found, by its verdict, that defendant aided and encouraged the taking of the pictures in the nude or semi-nude, and that this act induced or caused the girl to become immoral, to associate with immoral persons, and to perform immoral acts. When a mature man indulges in such questionable practices with a child, and the pictures are delivered to her, it is inconceivable to us, as it apparently was to the jury, that the taking of the pictures was a manifestation of an artistic impulse, and for the gratification of an artistic desire. It was unnecessary for the girl to have pictures of herself, and the only purpose to which she could put them would be to exhibit them to immoral persons.

It is said in argument ''They [pictures]are such as you might find duplicated in the rotogravure section of our Sunday papers, in our art galleries or in the advertisements of our magazines,'' but we cannot believe this statement is seriously made. If the pictures were taken for art's sake, an examination of them convinces us, as it must have impressed the jury, that, for this purpose, they were entirely worthless. Suppose defendant had given the girl herein some vile and obscene pictures or furnished her vile and obscene literature, could it be said that because these specific articles were not definitely specified in the statute, defendant could not be properly charged with contributing to juvenile delinquency? The pictures were vulgar, obscene and vile; their taking indicated conclusively a depraved mind, and they would tend, in the impressionable mind of a fifteen year old girl, toward immorality and licentiousness.

It is urged that our announcement in *McClelland v. People,* 49 Colo. 538, 542, 113 Pac. 640, 32 L. R. A. (N. S.), 1069, necessitates a reversal herein, but we do not so understand the holding in that case. In the McClelland case, supra, we said: ''The words a 'delinquent child' are defined in sec. 586, Rev. Stats., and in order to be guilty of contributing to juvenile delinquency, one must

encourage, aid or assist a child coming within the terms of the statute, to commit one or more of the various acts therein mentioned. Sec. 598, Rev. Stats. The information for contributing to juvenile delinquency could not, whatever its allegations, be broader than the statute upon which it was based.'' The McClelland case was one in which subornation of perjury was the charge, and it became a matter of vital importance in that trial to determine whether or not McClelland had been guilty of contributing to juvenile delinquency by certain acts of his in causing an alleged juvenile delinquent child to evade an order of the county court. The language from the opinion herein above quoted was used in connection with the materiality of testimony respecting the alleged acts of McClelland, and had no connection whatever with the charge theretofore proven against McClelland in contributing to juvenile delinquency. The instant case is entirely different, for here the jury, by its verdict, determine rightfully that the act with which defendant is charged did directly encourage, cause or contribute to the delinquency of the girl by causing her to associate with immoral persons, to become immoral, and to perform immoral acts.

The reasoning and conclusions reached by other courts in construing juvenile delinquent acts similar to ours are applicable here. *People v. Klyczek,* 307 Ill. 150, 138 N. E. 275; *State v. Adams,* 95 Wash. 189, 163 Pac. 403; *State v. Strom,* 144 Wash. 334, 258 Pac. 15; *State v. Clevenger,* 161 Wash. 306, 296 Pac. 1054.

The evidence was sufficient to support a verdict of guilty, and the information charged an offense under the juvenile delinquent law.

■■ 2. During the trial, and after certain evidence had been admitted, defendant requested a continuance for the purpose of procuring the attendance of a witness by whom he expected to prove certain testimony of the girl to be false. This particular testimony was imma-

terial, even if false, and the credibility of the witness could not be properly attacked upon an immaterial matter. Furthermore, the granting or denial of a continuance is a matter which rests in the sound discretion of the trial judge, and his ruling thereon will not be disturbed unless it is plainly erroneous. *Abshier v. People,* 87 Colo. 507, 519, 289 Pac. 1081.

3. Defendant next complains about misconduct of the officer in charge of the jury, after it was sworn and had retired to deliberate upon its verdict. The officer in charge took it to a nearby restaurant, where it separated and jurors were permitted to sit at tables at which others, not members of the jury, were dining. There is evidence that these jurors were conversing with these other diners, but the topic of conversation is not made to appear. The affidavits of defendant and his wife clearly indicate that they were aware of this irregularity at the time of its occurrence, and while the same was going on, and, with full opportunity for so doing, they failed to call the fact to the officer's attention and ask that steps be taken to prevent it. The prejudice from this conduct on the part of the officer and members of the jury may well have been conceived in defendant's mind after the disappointing verdict rendered by the jury. In any event, defendant cannot sit idly by and notice an officer failing to perform his clear duty, and upon the return of an unfavorable verdict, use this incident as an excuse to gain another trial. *Shank v. People,* 79 Colo. 576, 586, 247 Pac. 559.

Until after an unfavorable verdict, it seemed to be conceded by defendant that the information stated an offense and that the evidence, if believed by the jury, was sufficient to sustain a verdict of guilty, because the record discloses that the sufficiency of the information was not challenged, and also that no motion for an instructed verdict was made and no peremptory instruction to find the defendant not guilty was requested.

There was no prejudical error in the record, and the judgment of the trial court is accordingly affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE CAMPBELL concur.