No. 15,616.

BALL *v*. THE PEOPLE.
(163 P. [2d] 650)

Decided October 1, 1945.

Mr. FANCHER SARCHET, for plaintiff in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

*En Banc.*

MR. CHIEF JUSTICE BAKKE delivered the opinion of the court.

A CRIMINAL information was filed in the district court charging plaintiff in error, defendant below, with statutory rape of an unmarried female person under the age of eighteen years and not the wife of said defendant. The case was tried to a jury which returned a verdict finding said defendant guilty as charged in the information. Motion for new trial was overruled, whereupon the court sentenced defendant to the penitentiary for a term of "not less than three (3) years and not more than six (6) years." Defendant seeks reversal of the judgment.

No good purpose would be served by a lengthy statement of the facts, hence we shall consider only those which have a direct bearing on the points urged for reversal.

The assignments of error upon which defendant principally relies, are: 1. That the court erred in giving instruction No. 8. 2. The court erred in refusing to grant a new trial on newly discovered evidence.

1. Instruction No. 8 was on the question of flight. Counsel for defendant objected to it "for the reason that the evidence is slight, is not of sufficient character as to have the jury's attention called to the defendant's absence from the state." Neither the motion for a new trial, nor the assignments of error enlarge upon this objection. The evidence discloses that the alleged act was committed on October 22, 1942. The victim made no disclosure of the offense until it was discovered about the middle of February, 1943, that she was pregnant. When the facts were reported to the district attorney February 22, 1943, he directed the sheriff to bring defendant to his office where he was told not to leave the jurisdiction pending further investigation. Defendant promised to report at any time he might be called; however, that very day he sold his second-hand business and a short time later left for the west coast to obtain employment. On the witness stand he testified that one of his reasons for leaving the state was, "I thought it would be best for all that was concerned to have a little time to righten itself, and I believe yet it would have righted itself, it would never come to trial." During his absence from the state, defendant's wife either did not know, or refused to disclose, her husband's whereabouts, and the sheriff stated that he tried to locate defendant through the F.B.I. and postal inspector. It was approximately a year and a half thereafter that defendant was arrested upon his return to his home in Colorado. Clearly, the above evidence was suf-

ficient to justify the giving of an instruction on flight. 23 C.J.S. 725.

Defendant's counsel seeks to question the form of the instruction on this review. Such action is not permissible at this late date. The purpose of an objection to an instruction is to give the trial court an opportunity to correct any alleged errors, and if no specific error is called to its attention the privilege of having it corrected is lost. "This court has repeatedly held that it will not consider objections to an alleged erroneous instruction unless an objection is made to the specific instruction at the time, to the end that the trial court may have opportunity to pass upon the particular objection urged." *Dillulo v. People,* 56 Colo. 339, 138 Pac. 33. "An instruction to which no specific objection is made, so that the court may make correction, if erroneous, will not be considered." *Sarno v. People,* 74 Colo. 528, 223 Pac. 41.

2. No error was committed by the trial court in refusing to grant a new trial on the ground of newly discovered evidence. The principal newly discovered evidence upon which defendant relies is set forth in an affidavit of one L. K. Smith, wherein he says: "the moment * * * [prosecutrix] mentioned a monkey stove the entire incident came clearly to affiant's mind for the first time; and affiant says that on said 22nd day of October, 1942, early in the afternoon he did meet the defendant in front of defendant's store, walked through the store with the defendant, opened the back door, found a monkey stove and a heavy cook stove in defendant's pick-up, helped defendant carry the cook stove into the store, and that the said * * * [prosecutrix] was not in the pick-up, was not in defendant's store and that affiant did not see her on the day in question." The purpose of this statement was to establish that defendant could not have committed the act charged at the time specified, namely, October 22, 1942. Assuming the truth of the statement in the affidavit, there still would

have been time for the defendant to commit the act, and for the girl to have gone home before Smith arrived; however, the record shows that Smith was in the court room during the entire trial and that he talked to the sheriff after he had heard the testimony given by the girl that supposedly refreshed his memory. In addition there is a counter-affidavit made by the girl's father which recites, inter alia, "That a few days after the sale of Ball's store to Gray, he (Smith) was driving south on South Cleveland avenue just south of Loveland and met Mr. and Mrs. Ball; Ball stopped him (Smith) and got out of his car and got in Smith's car. Smith said that Ball was dressed up and that Ball told him he was going away for awhile unless he (Smith) would help him out. Smith then said that Ball told him of the trouble he was in and said there was a third party there all the time. Smith asked Ball who the third party was, and Ball replied 'you have got to be that third party.' Smith stated that he replied in substance that he wasn't there and that Ball knew it and that he would not perjure himself in a mess like this even though they were good friends. After some argument on the part of Ball during which Smith continued to refuse, as he says 'to lie for Ball,' Mr. and Mrs. Ball left." In considering this affidavit, the trial court assumed that the allegation thereof would be denied and the result would be merely a conflict in statements in the affidavits. We are satisfied that the court did not abuse its discretion in denying the motion for a new trial based upon these affidavits. 39 Am. Jur. 199.

Finding no prejudicial error in the record, the judgment is affirmed.