## No. 18,798.

NICK RUEDA *v.* PEOPLE OF THE STATE OF COLORADO.

(348 P. [2d] 958)

Decided February 1, 1960.

Mr. NICK RUEDA, pro se.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. GERALD HARRISON, for defendant in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

Plaintiff in error, hereinafter referred to as defendant, was convicted of the crime of burglary. Judgment and sentence followed the jury's verdict, the sentence to be served concurrently with a like sentence pronounced in a companion case herein — *Rueda v. People,* No. 18,757.

Defendant claims that he filed a motion for new trial which was denied. If such motion was filed it does not appear in the record before us.

Defendant seeks reversal on the ground that the conviction is not supported by the evidence and that the court erred in not directing a verdict of acquittal at the close of the People's case.

The following facts are undisputed: A shoe store in Rocky Ford, Colorado, was burglarized October 26, 1957. Among the articles taken were twenty-four pairs of Florsheim shoes ranging in size from seven to twelve. Defendant was thereafter arrested and in his possession were found five pairs of shoes that were positively identified as being a portion of the goods stolen from said store.

In the trial court defendant was represented by counsel but did not take the stand. Raymond Baca, a co-defendant with Rueda in case No. 18,757, testified as a witness for the defense that some boys had stolen the shoes and had approached Baca for assistance in disposing of them; that Baca then took the boys to defendant, who agreed to help dispose of the shoes; that he had the shoes turned over to defendant for disposition. Baca testified that this event took place in October 1957, and later fixed the date as November 22, 1957.

Possession of stolen goods after a burglary or theft is sufficient to warrant a conviction, unless the at-

tending circumstances, or other evidence is such as to overcome the presumption raised by such possession, sufficient to create a reasonable doubt of the defendant's guilt. *Davis v. People,* 137 Colo. 113, 321 P. (2d) 1103; *Collins v. People,* 69 Colo. 343, 193 Pac. 634. Here we have a typical situation where a defendant, found in possession of stolen property, claims he purchased or received it from some unknown person. Defendant asserts he should have been tried for receiving stolen goods. The jury was not required to believe the testimony of Baca and in view of the entire record it is apparent that they did not do so.

■ Defendant contends that the shoes were not in his "recent possession" at the time of his arrest. However, what is meant by "recent" is to be determined by the facts in each particular case and it may vary from a few days to two years. *State v. Jenkins,* Mo. Sup. 213 S.W. 796. In practically all cases whether the period of time is "recent" is a question for the jury, and a period of six weeks has been upheld. *People v. Malin,* 372 Ill. 422, 24 N.E. (2d) 349, 352.

"* * * What is meant by "recent possession" must be determined from the facts in each case and may vary from a few days to many months. *State v. Jenkins,* Mo. Sup. 213 S.W. 796. Here the property was not discovered in defendant's possession for about three months after the burglary, but evidence offered in defendant's behalf shows that the property had been on defendant's farm with his knowledge for some time before it was discovered by the officers. Under the facts here the possession was "recent," and the jury was not required to believe the explanation offered on behalf of defendant. *State v. Denison,* 352 Mo. 572, 178 S.W. (2d) 449; loc. cit. 454." *State v. Oliver,* 355 Mo. 173, 195 S.W. (2d) 484, 485.

■ In the instant case, to paraphrase the Missouri court, the property was discovered in defendant's possession less than five weeks following the burglary, but evi-

dence offered in defendant's behalf discloses that the property had been in his automobile with his knoweldge for some time before being discovered by the officers. Under these facts the possession was "recent," and a verdict will not be disturbed where the jury might reasonably have reached such conclusion. *Compton v. People*, 84 Colo. 106, 268 Pac. 577.

■ Defendant here objects, for the first time, to certain instructions given by the trial court. Such objections were not properly preserved. *Ball v. People*, 114 Colo. 163, 163 P. (2d) 650. The situation here is identical with that found in *Medina v. People*, 133 Colo. 67, 291 P. (2d) 1061, wherein it is stated at page 70:

"The record in this case shows that all instructions given the jury were submitted without objection on the part of defendant. It also discloses that no additional instructions were tendered by his counsel. In this state of the record, objections to the instructions given may not now be considered, since they are not properly before this court."

Moreover, as we have noted above, a motion for new trial does not appear in the record.

Perceiving no error, the judgment is affirmed.