## No. 22766.

CHARLES R. RODRIGUEZ *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(450 P.2d 645)

Decided February 17, 1969.

 

Brenman, Ciancio, Rossman & Baum, Leo T. Zucker-man, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, James F. Pamp, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Justice Hodges.

Charles R. Rodriguez was charged with and found guilty of larceny from a motor vehicle of property of the value of more than $5, and conspiracy to commit this crime. He received concurrent sentences on these jury verdicts.

By this writ of error, defendant Rodriguez urges reversal on the grounds that:

(1) There was no competent evidence from which the jury could determine the value of the stolen property;

(2) That the trial court improperly permitted the introduction of photographs of the property taken rather than the property itself in violation of the best evidence rule;

(3) The trial court erroneously denied defendant's motion for a continuance to locate a witness; and

(4) The trial court erred in submitting an instruction on accessory to the jury.

On the evening of October 27, 1964, two police officers

saw defendant reach with a long bar into the front part of the open bed of a parked pickup truck, and use the bar to pull a tool box toward him. One Gallegos, who was with the defendant, then removed the tool box from the truck, and defendant opened the door of an automobile parked in front of the truck so that Gallegos could put the tool box inside. The officers promptly arrested the two men. Gallegos, the defendant's co-participant, died prior to trial.

■ The defendant's first contention, namely, the alleged lack of competent evidence to establish the value of the property taken, we find to be without merit. C.R.S. 1963, 40-5-10(2) (formerly C.R.S. 1953, 40-5-11 and so cited in the information in the instant case) provides that to constitute larceny from a motor vehicle the property taken therefrom must have a value of more than $5. The owner of the tool box testified as to the replacement value of the box and contents, and upon objection by defendant, his testimony was stricken. Thereafter, the prosecution, although not required to do so as hereinafter pointed out, laid a foundation for the owner to testify as an expert witness. He testified on direct examination, *without objection,* that the box was worth about $5, a set of socket wrenches which were in the box was worth about $25, and the miscellaneous tools in the box had a value of at least $150. In addition, the owner testified that there were 25 socket wrenches and about 100 miscellaneous tools in the box at the time of the theft. The jury in its verdict on the first count found the value of the stolen property to be in excess of $10.

■ The rule is clear in this jurisdiction that an owner is always competent to testify as to the value of his property. *Burns v. People,* 148 Colo. 245, 365 P.2d 698. Defendant argues that the owner's testimony as to value is incompetent, because on cross-examination the owner testified, "I know what they (the tools) are worth, but I don't know what you could get for them." Defen-

dant's position is that the evidence of fair market value is prerequisite to establishing value. In the *Burns* case, *supra,* defendant contended that the owner's testimony as to the value of used tools stolen was incompetent because he testified as to his original cost, and the tools were used. The court rejected the contention, stating: "An owner is always competent to testify as to value. Obviously one not in the business of selling such items but putting them to use does not have them appraised from time to time in anticipation of their loss or that he may some day be called upon to testify as to their value on a particular date."

We affirm the rule so stated and adopt the reasoning as applicable to the case at bar. We also note that the record is undisputed that approximately 125 tools were in the tool box, and this quantity together with the owner's testimony would substantiate a value of over $5 for the tool box and its contents.

We also find to be without merit the defendant's second contention, namely, that the trial court erred in permitting photographs of the tool box and contents to be admitted in evidence in lieu of the items themselves, because the photographic evidence violated the best evidence rule. The arresting officers actually witnessed the theft of the tool box, and took the property into their possession at the same time that they arrested defendant. Under these circumstances, the presence of this property in court was not necessary because its connection with the defendant was otherwise amply demonstrated by other evidence in the case. 23 C.J.S. *Criminal Law* § 1035.

Next, we consider the alleged error of the trial court in failing to grant a continuance to enable defendant to locate a witness. Defendant's counsel acknowledges that the well-established rule in Colorado is that the granting of a continuance in order to obtain witnesses is within the sound discretion of the trial court, and such ruling will not be disturbed unless there is a

clear abuse of discretion. *Lofton v. People,* 168 Colo. 131, 450 P.2d 638, *Sharp v. People,* 90 Colo. 356, 9 P.2d 483, *Abshier v. People,* 87 Colo. 507, 289 P.1081, *Patton v. People,* 74 Colo. 322, 221 P.1086, *Goldberger v. People,* 45 Colo. 327, 101 P.407. However, defendant cites *Hockley v. People,* 30 Colo. 119, 69 P.512, where the court reversed a conviction on the ground that refusal to grant a continuance to locate a missing witness was an abuse of discretion. But in the *Hockley* case, the trial court refused a continuance for the reason that the defendant had not made preparations for his trial before the information was filed and that he therefore had not exercised the diligence required. It was held that this was a clear abuse of discretion. In the instant case, the court had previously granted three continuances, two of which were at the defendant's behest. Also, the alleged missing witness was concededly an unknown habitue of "skid row." The trial court's denial of another continuance was proper. No abuse of discretion is shown to exist.

■ Lastly, defendant claims that the accessory instruction was erroneous. Under the facts of this case, we do not agree with the defendant's contention. Moreover, no objection to the instruction was raised either at trial or on the motion for new trial. We have repeatedly held that where objections to instructions are not properly preserved in the trial court, they are not properly before this court. See also *Brown v. People,* 158 Colo. 561, 408 P.2d 981, *Rueda v. People,* 141 Colo. 504, 348 P.2d 958, *Medina v. People,* 133 Colo. 67, 291 P.2d 1061, *Ball v. People,* 114 Colo. 163, 163 P.2d 650.

Judgment affirmed.

Mr. Chief Justice McWilliams, Mr. Justice Groves and Mr. Justice Lee concur.