## No. 24875

## The People of the State of Colorado v. Theodore Tafoya
(501 P.2d 118)

Decided September 25, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Richard G. McManus, Jr., Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Randolph M. Karsh, Deputy, Kenneth J. Russell, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

The defendant was convicted by a jury of assault with a deadly weapon with intent to commit a bodily injury, a violation of C.R.S. 1963, 40-2-34. Defendant raises two points of error which we deem without merit and affirm.

The criminal charge grew out of a disturbance in a cafe involving a group of persons, from which one Joseph Archuleta and the defendant emerged as principal disputants. After a few moments both men left the cafe. Larry Baca, a member of the Archuleta party and brother-in-law of Joseph Archuleta, then caught up with the defendant; and when he grabbed defendant's shoulder, the two began fighting, with the defendant being assisted by his brother Rudy and another person. Baca was subsequently treated for a large laceration on his right side and a three-quarter inch stab wound on the left chest. Dr. Lawrence T. Kircher, Jr., testified that both wounds were caused by an object with a sharp edge.

I.

Defendant contends that the People's evidence is inherently contradictory and, therefore, neither sufficient to establish the present ability essential to an assault nor to prove the possession by defendant of a deadly weapon. Defendant relies on *People v. Urso,* 129 Colo. 292, 269 P.2d 709, which we do not find applicable.

Contrary to his assertion that the People's witnesses contradicted each other concerning the defendant's posses-sion of the knife, three witnesses for the People testified only

that they did not see the defendant with a knife; a fourth witness testified unequivocally to possession of a knife by the defendant. No witness of the People stated that the defendant did not have a knife.

As the People correctly contend, there is no internal contradiction. The evidence of one eyewitness, if believed by the jury, established that defendant had in his possession a knife and used it to inflict the wounds on the person of Baca, the victim of the assault.

II.

■ Defendant's second argument is that the People have failed to prove that the defendant had the required specific intent to inflict bodily injury on Baca. Defendant cites *Peterson v. People,* 133 Colo. 516, 297 P.2d 529. From that case he argues that the evidence of the circumstances surrounding the altercation between Baca and defendant does not indicate such a specific intent. He claims the only animosity which can be inferred was a specific intent directed toward Joseph Archuleta and not the victim, Larry Baca.

We disagree. We note that there was circumstantial evidence presented by the People to the effect that on the intervention by Larry Baca, defendant specifically advised him to remain out of the affair, or as Donna Archuleta testified "not to interfere." We view this as sufficient evidence under *Peterson v. People, supra,* of defendant's specific intent to assault Larry Baca.

■ In addition, there is in the record abundant evidence that defendant was out to get Joseph Archuleta because of his prior testimony in a burglary trial. As defendant followed Joseph Archuleta, Larry Baca intervened and was subsequently assaulted. It is no defense to show that the specific intent was directed at some one else other than the victim. As we stated in *Medina v. People,* 133 Colo. 67, 291 P.2d 1061, "[o]ur statute * * * while requiring proof of a specific intent to do bodily harm to the person assaulted, does not relieve a defendant of responsibility for the consequences of his unlawful act because the victim is other than the person he intended to harm. * * *"

The judgment is affirmed.

MR. JUSTICE KELLEY not participating.