No. 25489

**The People of the State of Colorado v. Peter Steve Schamber**
(513 P.2d 205)

Decided August 20, 1973.

356

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Gerash, Gerash & Davis, Michael A. Davis, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Peter Steve Schamber (defendant) was convicted by a jury in the Denver district court of the crime of theft by receiving stolen goods in violation of 1967 Perm. Supp., C.R.S. 1963, 40-5-2. We affirm the judgment of conviction.

The People's evidence showed that on April 16, 1971, between the hours of 10 a.m. and 12:30 p.m., the residence of Herman L. Hranchak located at 1126 South Williams Street in Denver was burglarized. Various items of personal property were stolen, including seventeen weapons consisting of rifles and shotguns. That evening, at approximately 9 p.m., Lambert D. Bauer who lived at 421 Meade Street saw two men identified as Frank Daily and Jose Manchego, drive a Rambler station wagon into the driveway at 415 Meade Street. They unloaded various items, including "twelve to twenty" rifles, from the station wagon into the garage at that address. Manchego was the son-in-law of the owner of the

415 Meade Street property and apparently had free access to the house and garage. Bauer noted the license number of the station wagon.

Two days later, on Sunday, April 18, at approximately 11 a.m., Bauer observed a late model gray Lincoln pull into the 415 Meade Street driveway. The driver was identified as the defendant and the owner of the Lincoln. His passenger was Jose Manchego. The two men went into the garage, closed the door and there remained for approximately thirty to forty-five minutes. They then opened the garage door and loaded two bundles of rifles from the garage into the trunk of the Lincoln. The guns were wrapped in a blanket; however, Bauer was able to see several of the rifle butts. After loading other items, defendant and Manchego drove away. Bauer again noted the license number and reported his suspicions to the police.

Thereafter, defendant's ownership of the Lincoln was established and it was located at his address. A search warrant was obtained and the trunk of the Lincoln was searched. Officers found thirteen of the weapons stolen in the Hranchak burglary.

## I.

Defendant's first argument for reversal asserts that the search of the Lincoln was unlawful, in that the affidavit for the search warrant was defective and the trial court should have therefore granted defendant's motion to suppress the stolen weapons as evidence. We find no merit to this contention.

The facts establishing the grounds for issuance of the warrant are recited in the affidavit for the search warrant, as follows:

"On 4-17-71, affiant Det. F. Stevenson investigated a burglary at 1126 South Williams St., DPD case #47626, victim Herman L. Hranchak of that address. Taken in this offense, which was committed between 10:00AM and 12 Noon on 4-16-71, were 17 rifles and shotguns, walkie talkies, and other items. Total loss approximately $4000. On April

18, 1971, a Mr. Bauer of 421 Meade, observed a Rambler parked at 415 Meade St. at 9PM on 4-16-71. Two parties were observed unloading between 12 and 20 rifles from this car and into the garage at 415 Meade St. The mentioned Rambler lists to Frank W. and Linda F. Daily, 359 S. Quitman St. At 11: AM on 4-18-71, Mr. Bauer observed two parties loading the rifles and other items from the garage into a 1968 Lincoln, 4 dr. Colo. License AK 8976. License number on the Rambler was AS 7338. The Lincoln lists to Pete Scamber, 106 W. Irvington Place. At 1:40 PM on 4-18-71, Det. D. Machaud of the Burglary/Theft section went by the Irvington Place address and observed the Lincoln in the alley behind this address. Your affiant requests a warrant to search the premises at 106 W. Irvington Pl. in attempt to ascertain if the items observed by Mr. Bauer are in fact the loot from the burglary at 1126 So. Williams St."

■■ Defendant attacks the affidavit on the basis, first, that there is no showing of reliability of the informant. It is immediately apparent that the citizen-informant rule applies to this affidavit, as set forth in *People v. Glaubman,* 175 Colo. 41, 485 P.2d 711. Under these circumstances, it is not necessary that the affidavit contain a statement of facts showing the reliability of the citizen-informant, as is the case when the informant is confidential and unidentified.

■■ Defendant further attacks the affidavit on the basis that it is confusing, and that there are no facts stated from which it can be determined how the officer-affiant learned of the citizen-informant's observations. A hypertechnical interpretation of the affidavit might lead to such conclusions. However, courts are guided by standards of common sense and reasonableness. *United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684; *People v. Baird,* 172 Colo. 112, 470 P.2d 20. As so tested, it is apparent the citizen-informant told the officer-affiant on the 18th what he had observed, first, on the 16th and later on the 18th. We agree with the trial court that the affidavit, reasonably interpreted, supports a finding of probable cause justifying the issuance of a search warrant.

## II.

Defendant next contends that the trial court erred in not allowing defendant the right to present witnesses who would have supported defendant's effort to show, circumstantially, that he did not know the articles he received were stolen.

In this connection it must be noted that defendant was initially charged with the crimes of burglary and theft, in addition to the crime of receiving stolen goods. Defendant gave a notice of alibi to the district attorney as a defense to these two charges. The court on motion of the district attorney at the conclusion of the People's evidence dismissed the burglary and theft charges.

Defendant did not testify. He offered to prove by the alibi witnesses that he left Denver on April 15, was out of Denver on the 16th (the day of the burglary and theft) and on the 17th, and returned to Denver the morning of the 18th. Therefore, he contended, he could not have gained knowledge that the weapons he received on the 18th at 11 a.m. were stolen.

Defendant did not contend that he was not in Denver on the 18th or that he did not in fact receive the weapons. The court ruled that the proffered testimony was not material. We agree and find no abuse of discretion in denying the offer of proof.

## III.

The last alleged error is that the People totally failed to sustain the burden of proof beyond a reasonable doubt, either directly or circumstantially, that defendant *knowingly* received the stolen goods. It is fundamental that knowledge of the fact that the property received is stolen is an essential element of the crime. Lack of such proof requires a dismissal. *Noble v. People,* 173 Colo. 333, 478 P.2d 662. Although proof of recent, unexplained, exclusive possession are facts to be considered by the jury along with other evidence either direct or circumstantial in determining whether an accused possessed guilty knowledge, nevertheless, such facts standing alone are insufficient to convict. *Noble; supra.*

■ The trial court in denying defendant's motion for judgment of acquittal found circumstances for the jury's consideration in addition to the recent, unexplained, exclusive possession by the defendant of the stolen weapons. We agree that the record shows additional circumstances which, if believed by the jury, would support a reasonable inference that the defendant in fact had guilty knowledge. Among these are the delivery of the stolen goods to the garage at 415 Meade Street by Manchego and Daily; the return to the garage by Manchego and defendant on the 18th; the entry into the garage, the closing of the garage door, and the presence of the men in the garage for a period of approximately thirty to forty-five minutes; and the exit of the men from the garage, carrying the rifles wrapped in a blanket and placing the items in the trunk of the Lincoln automobile. These are all circumstances, unexplained, from which a jury could reasonably conclude that defendant in fact did have the requisite guilty knowledge. *Whaley v. People,* 171 Colo. 287, 466 P.2d 927. We find no merit to defendant's contention that the evidence was insufficient to support the judgment of conviction.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE GROVES do not participate.