The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Bradley ALBRIGHT, Defendant-Appellant.

No. 84CA0526.

Colorado Court of Appeals, Div. IV.

May 8, 1986.

Rehearing Denied June 5, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Patricia Hummons Clark, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Public Defender, Pamela Stross Kenney, Karen A. Chaney, Duane M. Kline, III, Deputy Public Defenders, Denver, for defendant-appellant.

SILVERSTEIN.*, Judge.

Defendant, Bradley Albright, appeals the judgment of conviction entered on jury verdicts of guilty of four counts of theft by receiving. We affirm the convictions, and remand the case to the trial court to correct the "judgment of conviction, order granting probation and mittimus."

### I.

The following evidence was adduced during trial. In May 1983, the Gunnison County Sheriff's Department received reports that several cabins in the Marble, Colorado area, which were used by their owners as summer homes, had been broken into. Shortly after discovery of the burglaries, items from each of the cabins were found in an antique shop in Glenwood Springs. Upon inquiry, the owner of the antique shop revealed that he had purchased the stolen items from defendant and another individual on several different occasions beginning in April 1983.

Defendant contends that the evidence was insufficient to prove that he knew the items were stolen. We disagree.

A conviction of knowingly receiving stolen goods will withstand a challenge to the sufficiency of the evidence if there is proof of some circumstances, beyond proof of unexplained, exclusive possession of recently stolen property, showing knowledge of the theft. *See Wells v. People,* 197 Colo. 350, 592 P.2d 1321 (1979); *Noble v. People,* 173 Colo. 333, 478 P.2d 662 (1970). An examination of the sufficiency of the evidence on appeal requires that the evidence be viewed in the light most favorable to the prosecution, and the conviction will not be set aside because different conclusions might be drawn from the evidence. *People v. Tumbarello,* 623 P.2d 46 (Colo.1981).

We agree with the trial court which, in denying defendant's motion for acquittal, found that the record contains evidence of circumstances other than defendant's unexplained possession of recently stolen goods, giving rise to a reasonable inference of guilty knowledge. Such circumstances include the evidence that defendant sold the items in lots which corresponded to the groups of items taken in the individual burglaries, and that these sales were made soon after the burglaries occurred. *See Rueda v. People,* 141 Colo. 504, 348 P.2d 958 (1960).

On the basis of these unexplained circumstances, a jury could reasonably conclude that defendant did in fact have the requisite guilty knowledge. Accordingly, defendant's contention that the evidence was insufficient to support the convictions is without merit. *See People v. Schamber,* 182 Colo. 355, 513 P.2d 205 (1973).

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo.Const.,* art. VI, Sec. 5(3),

and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

## II.

The information charged defendant as follows: counts one through four, class 4 felonies of theft by receiving items valued $200 or more but less than $10,000; and count five, class 3 misdemeanor of theft by receiving items valued less than $50. *See* § 18–4–410(2) and (4), C.R.S. (1978 Repl. Vol. 8). By the close of evidence, counts one and three had been amended to class 2 misdemeanors (theft by receiving items valued $50 or more but less than $200), and count five had been dismissed. However, the instructions submitted to the jury erroneously stated that counts two and three concerned items whose value would make the offenses class 4 felonies and that counts one and four concerned items whose value would make the offenses class 2 misdemeanors.

On the basis of these facts, defendant contends that the evidence of value of the stolen items in count three was insufficient to support a conviction of class 4 felony theft by receiving. The issue presented by these facts, however, is whether the giving of an instruction setting forth a greater offense than that with which defendant was charged constitutes reversible error. Under the circumstances here, we conclude that it does not.

At the time the erroneous instruction was read and submitted to the jury, defendant did not object; rather, he challenged the giving of the instruction for the first time in his motion for new trial. Thus, the propriety of the instruction must be considered under the plain error standard which requires defendant to show that its giving affected a substantial right and that the record reveals a reasonable possibility that the error contributed to his conviction. *See People v. Rubanowitz*, 688 P.2d 231 (Colo.1984); *People v. Torres*, 701 P.2d 78 (Colo.App.1984).

Defendant has failed to so demonstrate. Instead of contributing to his conviction on count three, the instruction could only have inured to defendant's benefit by requiring proof of value to be $200 or more but less than $10,000, instead of $50 or more but less than $200 as charged by the amended information. Furthermore, the owner of the items upon which count three was based testified that the value of his mirror was $125 and the value of his trunk was $50 to $100. From this evidence the jury could conclude that the stolen items were valued $200 or more. *See Rodriquez v. People*, 168 Colo. 190, 450 P.2d 645 (1969). Therefore, we perceive no plain error requiring reversal of defendant's conviction on count three.

Although the trial court was advised of the erroneous instruction prior to sentencing, the "judgment of conviction, order granting probation and mittimus" incorrectly states that defendant was convicted of two class 4 felonies, one class 2 misdemeanor, and one class 1 misdemeanor.

Therefore, the judgment of conviction is affirmed and the cause is remanded to the trial court with directions that the pertinent records be corrected to reflect defendant's convictions as follows: Counts two and four, class 4 felonies, theft by receiving items valued $200 or more but less than $10,000; counts one and three, class 2 misdemeanors, theft by receiving items valued $50 or more but less than $200.

ENOCH, C.J., and HODGES, J.,* concur.