[No. 9824. Department Two. March 9, 1912.]

THE STATE OF WASHINGTON, *Appellant*, v. SAM PLASTINO, *Respondent.*[1]

INFANTS—NEGLECTED CHILDREN—OFFENSES—STATUTES—CONSTRUC-
TION—EJUSDEM GENERIS. Rem. & Bal. Code, § 2004, providing pun-
ishment for the parents or persons having custody of a delinquent
child "or any other person responsible for, or by any act" causing
or contributing to the delinquency of, such child, is not subject to
the rule of *ejusdem generis*, in view of the evident intent of the
legislature to make the same apply to others than those *in loco
parentis*, and also in view of the rule that where particular words
exhaust a class, following general words must refer to some larger
class.

Appeal from a judgment of the superior court for Spo-
kane county, Sullivan, J., entered August 8, 1911, dismissing
a prosecution for contributing to the delinquency of a delin-
quent child, upon sustaining a demurrer to the information.
Reversed.

*John L. Wiley* and *M. E. Jesseph*, for appellant.

MORRIS, J.—Appeal from a judgment dismissing an in-
formation upon sustaining a demurrer. The information
charged that:

"Sam Plastino, on the 25 day of March, 1911, . . . did
then and there . . . carnally know and abuse one Helen
Barto and by said acts and doings . . . contribute to the
delinquency and neglect of said Helen Barto, she then and
there being a delinquent and neglected female child of the age
of seventeen years."

The information was drawn under § 2004, Rem. & Bal.
Code, providing:

"In all cases where any child shall be a delinquent or neg-
lected child, as defined by the statutes of this state, the parent
or parents or persons having custody of such child, or any

[1]Reported in 121 Pac. 851.

other person, responsible for, or by any act encouraging, causing or contributing to, the delinquency or neglect of such child, shall be fined . . . or imprisoned . . ."

The court below applied the rule of *ejusdem generis* to the statute, and held that the words "any other person" were controlled in their meaning by the specific enumeration of persons in the preceding clause, and for this reason only parents or other persons *in loco parentis* having custody of the child, could be informed against under this statute.

We cannot concur in this ruling. The rule of *ejusdem generis* is to be used with other rules not less important, such as the determination of the evident intent of the law-making body, and does not warrant the courts in confining the operation of the statute within narrower limits than was intended by the law-makers. *In re Lotzgesell's Estate*, 62 Wash. 352, 113 Pac. 1105. It affords a mere suggestion to the judicial mind that, where it clearly appears that the legislature had in mind a particular class of persons or things, the words of general description were not intended to embrace any other than those within the class. Every legislative act should be so construed as to carry out the object sought to be accomplished by it, so far as that object can be gathered from the language of the act; and this rule, like every other rule, is to be made use of in ascertaining and giving effect to that meaning, rather than to hamper and restrict, the evident intent of the law-making body. Lewis' Sutherland, Statutory Construction, § 437.

The evident meaning and intent of this act is to protect delinquent children in the hands of all persons. It never was intended by the legislature that the language employed by it in framing the act should be so read as to furnish protection to these children from the sins of their parents or custodians, but permit other persons to escape the consequences of their contribution to the delinquency of the child. It is apparent the legislature was seeking to enact the broadest protection for delinquent children, and to that end it employed language

which, in its judgment, would cover every phase of the child's life, whether at home or abroad. What it desired to accomplish was to protect the child from further delinquency, and to save the child from parents, or other evil-disposed persons. Such being the evident intent of the act, courts should give it effect, and not restrict or limit its application by giving it an interpretation never intended nor anticipated.

Again we have this rule, that, where the particular words exhaust the class, the general words must refer to some larger class. *Matthews v. Kimball,* 70 Ark. 451, 66 S. W. 651, 69 S. W. 547 ; *State ex rel. Walker v. Corkins,* 123 Mo. 56, 27 S. W. 363 ; *State v. Woodman,* 26 Mont. 348, 67 Pac. 1118.

"While it [rule of *ejusdem generis*] is aimed to preserve a meaning for the particular words, it is not intended to render meaningless the general words. Therefore, where the particular words exhaust the class, the general words must be construed as embracing something outside of that class. If the particular words exhaust the genus, there is nothing *ejusdem generis* left; and in such case we must give the general words a meaning outside of the class indicated by the particular words, or we must say that they are meaningless, and thereby sacrifice the general to preserve the particular words. In that case the rule would defeat its own purpose." *National Bank of Commerce v. Ripley,* 161 Mo. 126, 61 S. W. 587.

This last rule is applicable to the statute under consideration. The words "parent or parents, or persons having custody of such child," exhaust the class. They embrace all persons in whose charge, keeping, or custody the child may be. No other words are needed to embrace all of such persons. They refer to parents, custodians, guardians and all who stand *in loco parentis.* The class being exhausted by the special words, the general words "or any other person" must be held to have been intended to refer to some other class of persons, and we must go outside of the class included in the special words to find this second class of persons enumerated. This second class embraces persons, neither parents nor custodians, who by any act contribute to the delinquency of the

child, a clear and separate distinction from the first class, and embraced in the act so as to make it effectual against all persons who aid in the downfall of the child.

For these reasons, we believe the court below was in error in holding these words meaningless, and the judgment is reversed.

DUNBAR, C. J., MOUNT, ELLIS, and FULLERTON, JJ., concur.