[No. 17862.  Department One.  July 19, 1923.]

THE STATE OF WASHINGTON, *Respondent,* v. GUST
LEHMAN, *Appellant.*[1]

INFANTS (5)—OFFENSES AGAINST—CONTRIBUTING TO DELINQUENCY
—EVIDENCE—SUFFICIENCY.  A conviction for aiding and abetting in
contributing to the delinquency of a girl fifteen years of age is sus-
tained by evidence that accused received her and a married man at
night in his bachelor home in the country leaving them alone to-
gether and failing to protect her when improper proposals were
made to her, in connection with evidence of his intent and knowl-
edge gained on a previous similar occasion.

SAME (5)—OFFENSES—INFORMATION—ISSUES AND PROOF.  Under
Rem. Comp. Stat., § 1987-17, making it unlawful for a parent "or any
other person" by any act or "omission" to cause or contribute to the
delinquency of a child, failure to protect a fifteen-year-old girl from
proposals for sexual intercourse while she was in the accused's home,
is within the terms of an information charging the accused with
aiding and abetting another in contributing to her delinquency.

CRIMINAL LAW (110-112)—INFANTS (5)—EVIDENCE OF OTHER OF-
FENSES—INTENT—ADMISSIBILITY.  In a prosecution for aiding and
abetting in contributing to the delinquency of a girl fifteen years of
age when she was received with a married man at accused's home,
evidence of a similar occasion three months previously, is admissible
as showing the accused's intent and knowledge of the intent and
efforts of the person aided and abetted.

Appeal from a judgment of the superior court for
King county, Griffiths, J., entered April 29, 1922, upon
a trial and conviction of contributing to the delinquen-
cy of a female child.  Affirmed.

*John F. Dore,* for appellant.

*Malcolm Douglas* and *Ewing D. Colvin,* for respond-
ent.

MITCHELL, J.—Gust Lehman was charged jointly
with Dewey Loftus and Hugh Tierney with the crime
of contributing to the delinquency of a girl fifteen years
of age, the particular charge against Lehman being

[1]Reported in 217 Pac. 15.

that he aided, encouraged and abetted Dewey Loftus in committing certain acts that contributed to the delinquency of the girl. Lehman was convicted and has appealed.

The first claim of error is that the evidence was not sufficient to sustain a conviction. Briefly stated, the evidence showed that the appellant, engaged in business in Seattle, maintained a bachelor's home some ten miles out in the country, assisted thereat by a young man or boy named Louie Longo. Loftus was a married man, within the knowledge of appellant. On February 23, Loftus, after spending considerable time with the girl in Seattle, made an appointment with her by which he took her, her sister, who was a grown woman, and Hugh Tierney in his automobile out to appellant's home, arriving about half past nine o'clock in the evening. Appellant was present upon their arrival and admitted them to his home. Louie built a fire in the front room, and shortly thereafter the appellant, who had retired to the kitchen, called Longo from the front room, in a tone of voice heard by others, saying to him, "Now, Louie, keep away from that bunch in there or you will get yourself into trouble." The visitors remained until about midnight. During the evening Loftus frequently made indecent proposals to the girl. Towards the close of the evening the grown woman and Tierney went upstairs for a short time, as she testified, looking for wine or beer that Loftus and Tierney had said would be provided for them on that occasion. Upon their return to the front room she found her sister, the girl, in a quarrel with Loftus, he refusing to take them home, unless the girl yielded to his improper proposals. The details of the general conversation at that time need not be stated. Suffice it to say that, upon the threat of the woman and the girl to leave the house, one

of the men who had taken them there proposed that
all four of them spend the balance of the night at the
place. This being declined, the girl and her sister left
the house, walked to Renton and procured a room
about two o'clock in the morning, and after breakfast,
with money furnished them by the proprietress of the
hotel, they returned to their home in Seattle.

Lehman, who had spent much of the time that eve-
ning in the kitchen and the rest of it with his visitors,
was immediately present during the final quarrel of
the visitors and the breakup of the party, including
the departure of the girl and her sister, and failed in
any way to protect the girl while thus in his own home
or to reprove her assailant, simply saying, "You girls
should not get sore at me on account of what the other
fellows are doing." The evidence further shows that,
a few months prior to the occasion just referred to,
the appellant, for hire, using his own automobile, took
Loftus and this girl out to his home and permitted
them to occupy a room upstairs for a considerable
time, after which he took them back to the station at
Renton on their return to Seattle. The evidence in
the case, together with the positive admission of the
appellant, through his counsel, at and during the trial
that the girl was a delinquent, was entirely sufficient
to justify the verdict of guilty.

It is contended that certain instructions were prej-
udicial. They are argued rather generally, other than
one to the effect that, "It is unlawful for any person
by any act or omission to encourage, cause or con-
tribute to the delinquency of such a child," and that
"before you can convict Gust Lehman, you must be
satisfied from the evidence beyond a reasonable doubt
that he did some act or omitted to do something that
aided, abetted and encouraged Dewey Loftus, etc."

The argument is that the accusation against the appellant is the doing of some act, and that the instruction includes the omission to do something. The information charges that Loftus "did unlawfully cause and contribute to the delinquency of the girl by enticing her to accompany him to the Lehman home, and by then and there soliciting, asking, requesting and coaxing the girl to have sexual intercourse with him, and that Tierney and Lehman, being present, did unlawfully aid, encourage, advise and abet Loftus therein, etc."

Section 1987-17, Rem. Comp. Stat., provides that, in the case of a dependent or delinquent child, "the parent or parents, legal guardian or persons having custody of such child, or *any other person* who shall by any act or omission, encourage, cause or contribute to the dependency or delinquency of such child shall be guilty, etc." Speaking of this statute this court, in *State v. Plastino*, 67 Wash. 374, 121 Pac. 851, said: "The evident meaning and intent of this act is to protect delinquent children in the hands of *all persons*." Under the statute it was just as much the duty of appellant, who though some months before for hire had taken Loftus and this girl to his home for the privacy of a room, on the present occasion in his home to protect the girl from the assaults of this plunderer of society as if she had been his own child, and his failure and omission to do so is well within the terms of the information charging him with having aided, encouraged, advised and abetted Loftus as if he, the appellant, had actually requested her to yield to the demands of Loftus.

The conclusion just stated satisfactorily answers the general discussion of counsel for appellant of instructions given to which exceptions were taken. Likewise

it answers the assignment of error based on the refusal of the court to give certain instructions requested by the appellant, other than some requested which were given in substance and effect.

Nor was there any error in admitting the state's proof of the circustance that Loftus and the girl were taken by the appellant to his home on a prior occasion. It was not for the purpose of proving a distinct and separate crime—forbidden by the rule. of the cases cited by appellant—but, as stated by the prosecution and allowed by the court, it was for the purpose of establishing, by fair and legitimate inference to be drawn by the jury, the intent of the appellant and his knowledge of the intent and efforts of Loftus in accomplishing the delinquency and downfall of the girl.

Affirmed.

MAIN, C. J., HOLCOMB, and BRIDGES, JJ., concur.