[No. 22873. Department One. March 16, 1931.]

THE STATE OF WASHINGTON, *Respondent*, v. HOWARD CLEVENGER, *Appellant*.[1]

*Wm. J. Conniff*, for appellant.

*Frank L. Plummer* and *John M. Wilson*, for respondent.

PARKER, J.—The defendant, Clevenger, was, by information filed in the superior court for Clallam county, charged with contributing to the delinquency of a minor child, as follows:

"That on or about the 21st day of July, 1929, in the County of Clallam, State of Washington, the said . . . and Howard Clevenger, then and there being, did, wilfully, unlawfully and wrongfully encourage, cause and contribute to the delinquency of . . . a female child under the age of eighteen years, to-wit:

[1]Reported in 296 Pac. 1054.

of the age of fourteen years, by placing said child in danger of adopting an immoral life in this: That the said . . . and Howard Clevenger did cause, persuade and knowingly permit said minor child to be and remain in the custody and within the physical power of persons likely to commit a sexual assault upon said minor child, . . ."

Clevenger, by his counsel, demurred to the information upon the ground that it "does not state facts sufficient to constitute a crime;" which demurrer was by the court overruled. Thereupon Clevenger pleaded not guilty, and the cause proceeded to trial before the court and a jury, resulting in a verdict finding him guilty. Thereupon, counsel for Clevenger renewed his challenge to the sufficiency of the information, upon the same ground, by motion for arrest of judgment, which motion was by the court overruled. Thereafter, final judgment of conviction was rendered against Clevenger upon the verdict, sentencing him to imprisonment in the county jail and to pay a fine. From this disposition of the case, Clevenger has appealed to this court.

It is contended in behalf of Clevenger that the trial court erred in overruling his challenges to the sufficiency of the information. The language of our juvenile court law, being chapter 160, Laws of 1913, p. 520, under which Clevenger was prosecuted, in so far as need be here noticed, reads as follows, referring to sections of Remington's Compiled Statutes:

"Section 1987-1. This act shall be known as the 'Juvenile Court Law' and shall apply to all minor children under the age of eighteen years who are delinquent or dependent; and to any person or persons who are responsible for or contribute to, the delinquency or dependency of such children.

"For the purpose of this act the words 'dependent child' shall mean any child under the age of eighteen years: . . . .

"(16) Who from any cause is in danger of growing up to lead an idle, dissolute or immoral life;
. . .

"The words 'delinquent child' shall include any child under the age of eighteen years who violates any law of this state, or any ordinance of any town, city, county or city and county of this state defining crime; or who habitually uses vile, obscene, vulgar, profane or indecent language, or is guilty of immoral conduct; . . ."

"Section 1987-17. In all cases where any child shall be dependent or delinquent under the terms of this act, the parent or parents, legal guardian or person having custody of such child, or any other person who shall by any act or omission, encourage, cause or contribute to the dependency or delinquency of such child shall be guilty of a misdemeanor, and upon conviction thereof, shall be punished by fine not exceeding one thousand dollars, or imprisonment in the county jail for not more than one year, or by both such fine and imprisonment, . . ."

It is argued that the information is deficient as a charge of contributing to the delinquency of the child, because of its failure to charge Clevenger with contributing to the delinquency of the child in any of the respects specified in the last above quoted paragraph of § 1987-1. The argument is, in substance, that the term "delinquent child" is, in meaning, restricted by the specifications of that paragraph.

We think that paragraph should not be given such a restricted meaning. It is but a specification of certain acts by a child which shall be considered as rendering it a "delinquent child." It seems to us that the terms "dependent child" and "delinquent child," as used in this statute, are largely synonymous. The statute purports to define the former but not fully the latter. A child "who from any cause is in danger of growing up to lead an idle, dissolute or immoral life" is characterized by subdivision 16 of § 1987-1 as a "de-

pendent child." But this, we think, also means that such a child is a delinquent child. The charge is, in effect, that Clevenger contributed to the dependency or delinquency of the child; though, in terms, the word "delinquency" only is used in the information. The acts charged against him, it appears to us, would have a very substantial tendency in that direction.

In *State v. Adams,* 95 Wash. 189, 163 Pac. 403, there was drawn in question a charge that the accused did "cause and contribute to the dependency of one . . . a female child of the age of sixteen years." It was there contended in behalf of the accused that the statute means that the child must appear to have been impressed with the character of dependency prior to the commission of the act charged against the accused before he could be held guilty of contributing to such dependency. It was contended in behalf of the prosecution that it was sufficient to charge and prove the accused's acts as an initial cause of the child's dependency. Upholding this latter contention, Judge Webster, speaking for the court, said:

"It must be conceded that the statute is unfortunately worded, and that a literal and narrow interpretation of the language employed lends support to appellant's view; but, in construing the section, we must not lose sight of the fact that it is a part of the juvenile court law, and the beneficent purposes of that law must constantly be kept in mind.

"While the case before us involves a charge of a crime, and the statute is to be construed with all the strictness of a criminal law, yet, in arriving at a proper construction, we are not required to close our eyes to the broad underlying policy and the dominant purpose of the whole law of which the section under consideration is a part. It should require cogent and compelling reasons to induce us to convict the legislature of enacting a law for the protection of children after they have reached a state of dependency or delinquency as defined by the act, but of wholly neglect-

ing to provide protection for children who have not reached that state or condition. To sustain appellant's contention, it would be necessary to hold that the legislature, by the enactment under consideration, had made it criminal for one to commit an act or series of acts which would contribute toward making a bad child worse, but that it did not make punishable the same act or acts when they caused a good child to become bad.

"It is inconceivable that the legislature intended, by § 17, to render dispunishable one who causes a female juvenile to depart from the path of rectitude and virtue, but intended to make it criminal for one subsequently to contribute to the continuance of the deplorable condition of the child which had been brought about by the initial wrongful act. To so construe the section would be to read out of it the word 'cause,' which is perhaps the strongest word in the section. If the state of dependency of the child must exist prior to the commission of the acts with which the defendant is charged, how can such acts be said to cause that dependency? It is difficult to conceive how a subsequent act can be the cause of a preexisting condition. It seems clear to us from the language of the section, viewed in the light of the wholesome and beneficent purpose of the whole enactment, that it was the intention of the legislature to place before the children of the state a strong shield of protection by declaring that no one shall do any act which shall place a child in danger of growing up to lead an idle, dissolute or immoral life, or who shall cause or encourage a child to do any act the commission of which would render the child either dependent or delinquent as defined by the act."

It is true that here we have a problem not exactly as there presented, but we think those observations lend support to our present conclusion. Somewhat similar observations touching the spirit of our juvenile court law are made in our decisions in *State v. Plastino*, 67 Wash. 374, 121 Pac. 851, and *State v. Lehman*, 125 Wash. 617, 217 Pac. 15. We are of the opinion

that the information was not subject to challenge as to its sufficiency.

■ It is further contended in behalf of Clevenger that the evidence does not support the charge made against him. The jury was well warranted by the evidence in believing the following principal occurrences: A sailor induced the child to get with him into the rear seat of an automobile standing on a street of Port Angeles, she having been accosted by the sailor shortly after leaving a motion picture show alone on her way home at about ten o'clock at night. Two other sailors were in the front seat of the automobile. A moment or two later Clevenger came from a nearby store and got into the driver's seat of the automobile with the two sailors. Clevenger then knew that the child had gotten into the rear seat with the sailor while he was away from the automobile.

Clevenger then drove out to the edge of town, or possibly a little beyond, and turned into a side road and stopped, when the lights of the automobile were turned off. He then got out and was away from the automobile a very short time. The sailor in the rear seat then attempted to ravish the child, the other sailors, at least one of them, encouraging the act. She, then seemingly realizing her peril, made outcry, and there soon came to her aid a woman from a dwelling a short distance away. Her effort to get the child away was resisted, not only by one or two of the sailors, but also by Clevenger. The woman, however, finally succeeded in getting the child away from the automobile.

It seems to us that the jury was warranted in returning a verdict finding Clevenger guilty of contributing to the delinquency of the child.

Some other trial errors are claimed and briefly ar-

gued in behalf of Clevenger. We deem it sufficient to say that we regard them wholly without merit.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, HOLCOMB, and MAIN, JJ., concur.