[No. 30604. Department Two. January 3, 1949.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE
DAVID JOHNSON, *Appellant*.[1]

*Henry Clay Agnew,* for appellant.

*Lloyd Shorett* and *Kathreen Mechem,* for respondent.

SIMPSON, J.—Defendant was charged, in justice court, with contributing to the delinquency of a minor. The complaint read:

"That George David Johnson did commit the crime.of contributing to the delinquency of a minor as follows: He, the said George David Johnson, in the County of King, State of Washington, on or about the 6th day of November, 1947, wilfully and unlawfully did encourage, cause and contribute to the delinquency of one Robert Berg, then

[1]Reported in 201 P. (2d) 223.

and there a male child under the age of eighteen years, to-wit: of the age of eleven years: said minor being then and there a dependent and delinquent person by reason of being in danger of growing up to lead an idle, dissolute and immoral life."

On conviction in the justice court, the defendant appealed to the superior court, where he was again found guilty.

Defendant, on appeal to this court, presents two questions for our consideration: (1) Did the complaint state facts sufficient to charge a crime; and (2) Was the evidence produced at the trial sufficient to prove the crime charged?

■ Appellant takes the position that the complaint was faulty, in that it did not mention the acts which would constitute the offense but simply contained conclusions of law which were insufficient to charge a crime. We shall assume, without so holding, that the complaint did not state facts sufficient to charge a crime. Appellant did not move against the complaint in any manner, nor did he object to the introduction of any evidence offered by the state. That evidence was sufficient, as we shall hereafter point out, to prove the commission of the crime of contributing to the delinquency of the minor. This question demands the application of Rule of Practice 12 (2), 18 Wn. (2d) 40-a.

In the recent case of *Bremerton v. Smith,* 31 Wn. (2d) 788, 199 P. (2d) 95, this court construed the application of the first portion of the rule just mentioned, and held that, after appeal from a judgment in a municipal court, the superior court had the power and authority to allow an amendment of the complaint charging the commission of crimes. The holding was based upon the conclusion that it was the intent of the rule to allow amendments in all cases in which the commission of a crime was charged, regardless of whether the crime was charged in a complaint or in an information.

The same reasoning should be applied to the second portion of the rule. In fact, a stronger presumption supports the holding that the rule relative to amendment by

evidence should be applied to criminal cases tried as the result of an appeal from the justice court. The trial in the superior court is *de novo*, and the defendant has the opportunity to attack the complaint, if he so desires, and his consent to the introduction of evidence, by not presenting any objection, amounts to a consent that the complaint be amended.

We hold that the rule relative to amendments of charges of the commission of crimes by evidence to which no objection is made, applies alike to complaints originally filed in the justice court and to informations filed in the superior court. A reading of the evidence convinces us that none of the appellant's rights is prejudiced by this conclusion.

■ The challenge to the sufficiency of the evidence is grounded upon the fact that appellant did not ask the prosecuting witness to do an immoral act, and that the evidence did not prove the prosecuting witness "had become delinquent or was in danger of becoming delinquent by reason of" the acts of appellant.

We shall not detail the evidence. It is sufficient to say that appellant attempted acts upon the person of the prosecuting witness, a boy of eleven years, which, if completed, would have constituted the crime of sodomy. The purpose of the appellant's conduct was to entice the boy to participate in acts that were immoral and degenerate. This, in itself, was a violation of the statute under which the appellant was charged.

■ The appellant argues that it was necessary to prove prior delinquency. The following excerpts from *State v. Adams*, 95 Wash. 189, 163 Pac. 403, answer appellant's argument:

"It is not so much the purpose of Rem. Code, § 1987-17, to punish crime as it is to protect children, and it is manifest that its purpose is to prevent children from becoming delinquent or dependent as well as to assist in reclaiming children after they have reached that condition. The fundamental idea of the juvenile court law is to protect children and to prevent them from becoming impressed with the character of dependency or delinquency. It is not a

statute of reform, but a statute of prevention. *In re Lundy,* 82 Wash. 148, 143 Pac. 885, Ann. Cas. 1916E 1007. . . .

"The legislature did not intend to put a premium on leading virtuous girls astray. Subdivision 16 of § 1 of ch. 160, p. 520, Laws of 1913 (Rem. Code, § 1987-1) defines a dependent child as being one who from any cause is in danger of growing up to lead an idle, dissolute or immoral life. A child may be dependent, under the definition of this subdivision, and yet be neither immoral nor dissolute. A child may be greatly in danger of growing up to lead an immoral or dissolute life and still be both moral and virtuous. Consequently § 17 is leveled against the doing of any act which exposes the child to that danger, whether it actually results in leading the child into idleness, immorality or vice, or not. . . .

"Therefore, where the charge is that of originally causing and bringing about a state of dependency or delinquency of a child, it is not necessary either to allege or prove that the child in question was dependent or was a juvenile delinquent person prior to the commission of the acts with which the accused is charged."

The rule thus expressed was adhered to in *State v. Lehman,* 125 Wash. 617, 217 Pac. 15, *State v. Strom,* 144 Wash. 334, 258 Pac. 15, and *State v. Clevenger,* 161 Wash. 306, 296 Pac. 1054.

Judgment affirmed.

MALLERY, C. J., MILLARD, ROBINSON, and SCHWELLENBACH, JJ., concur.

---

February 8, 1949. Petition for rehearing denied.