**UNITED STATES of America,
Plaintiff,**

v.

**Lawrence MEYERS, Sr., Defendant.
No. 1592–KB.**

District Court, Alaska
First Division, Juneau.

Aug. 20, 1956.

Roger G. Connor, U. S. Atty., Juneau,
Alaska, and C. Donald O'Connor, Asst.

U. S. Atty., Ketchikan, Alaska, for the United States.

HODGE, District Judge.

The defendant, who is confined in the United States Penitentiary at McNeil Island, Washington, was convicted by the verdict of a jury in 1952 upon nine counts of the crime of contributing to the delinquency of a child, in violation of Sec. 65–9–11, A.C.L.A.1949. He had previously filed herein on his own behalf a motion to vacate the judgment and sentence against him under the provisions of ·Sec. 2255, Title 28 U.S.C.A., which motion was denied by the Court per opinion filed April 14, 1956, D.C., 139 F. Supp. 724. He now files on his own behalf a further or "supplemental" motion to vacate such judgment and sentence, raising new questions not previously presented of claimed violation of his Constitutional rights, which are subject to review under the provisions of Sec. 2255. Included in such motion is an extensive brief of points and authorities relied upon by him. This matter was submitted to the undersigned judge of the above-entitled court at Ketchikan, and referred to the Assistant United States Attorney, who has presented a comprehensive brief touching upon the questions raised.

The points raised by the defendant may be summarized as follows: (1) That the statute upon which conviction was had is unconstitutional and void because it is so vague in its provisions as to what constitutes an offense that men of common intelligence must necessarily guess at its meaning and differ as to its application, in violation of the due process clause of the Constitution of the United States, U.S.C.A.Const. Amend. 5, and of the Organic Act of Alaska. (2) That such a statute, which provides different degrees of punishment for different persons for the same act, is unconstitutional as a denial of equal protection of the laws. (3) That the Act provides for an arbitrary discretion vested in the courts and officials charged with its enforcement to treat the offense as a felony or misdemeanor, and there-

fore constitutes an unlawful delegation of legislative power.

Pertinent parts of the· statute under which the defendant was convicted are as follows:

"Contributing to delinquency of child: Suspension of sentence: 'Delinquency' defined. Any person who shall commit any act, or omit the performance of any duty, which act or omission causes or tends to cause, encourage or contribute to the delinquency of any child under the age of eighteen years, or who shall by threats, command or persuasion, endeavor to induce any child to do or perform any act or follow any course of conduct which would cause such child to become a delinquent child, or who shall do any act which manifestly tends to cause any child to become a delinquent child, shall be guilty of a felony and upon conviction thereof shall be punished by imprisonment in the penitentiary for not more than two years nor less than one year, or by imprisonment in the federal jail for not more than one year nor less than one month, or by fine of not more than one thousand dollars nor less than one hundred dollars, or by both such fine and imprisonment. * * *

"For the purposes of this Act any child under the age of eighteen years * * * who is in danger of becoming or remaining a person who leads an idle, dissolute, lewd or immoral life * * * or who is guilty of or takes part in or submits to any immoral act or conduct * * * shall be deemed a delinquent child." (Other definitions not applicable here omitted.)

■■ In support of his first point defendant quotes the first paragraph of the statute but overlooks entirely the second paragraph, which makes perfectly clear what is prohibited by the statute. The indictment in this case charged the defendant specifically with contributing to the delinquency of a child by placing his hands upon a female child in a lustful and

lascivious manner, and charged that such act did "then and there encourage and contribute to the delinquency of said child." There can be no question in the mind of any intelligent person that such act upon which defendant was charged and convicted comes within the express definition of the statute quoted above. The statute does not, as contended by defendant, define the crime in such general terms as to make the question of criminality dependent upon the opinion of those who constitute the court and jury; and is in no sense vague. Similar statutes are in force in a number of states and have been generally upheld. 43 C.J.S., Infants, § 13, p. 69. What constitutes delinquency is determined largely from the language of the statute and such definitions as it may contain. State v. Lehman, 125 Wash. 617, 217 P. 15.

There can be no quarrel with the second proposition of law submitted by defendant that a statute which prescribes different degrees of punishment for the same act committed under the same circumstances by persons in like situations is violative of the equal protection clause. 16 A.C.J.S., Constitutional Law, § 564, p. 529; 12 Am.Jur., Constitutional Law, 254, Sec. 562. But defendant has misconstrued this rule. Equality of the protection of the laws implies that in the administration of criminal justice none shall be subjected for the same offense to any greater or different punishment from that to which others similarly situated are subjected. Hence there are cases wherein statutes have been held unconstitutional because persons in one part of the state are subjected to different treatment than in another part of the state, or where discrimination is made on account of race. Subject to the limitation that no discrimination is made between persons of the same class committing like offenses, the Legislature may, without violating the equal protection clause, establish different, varying degrees of punishment for any criminal offense. The Legislature, in prescribing punishment for crime, has great latitude of discretion in reference to the seriousness and gravity of the act or acts constituting the crime. 16 A.C.J.S., supra. In fact, there are no less than eleven other statutes found in the Alaska Compiled Laws which provide varying degrees of punishment for criminal offenses from a fine or jail sentence to imprisonment in the penitentiary, the constitutionality of which has not been questioned. See Secs. 65-3-5, 65-4-22, 26, 27, 65-5-101, 65-6-8, 65-7-11, 65-9-5, 12, 30, 65-13-13, A.C.L.A.1949. The statute here in question applies equally to "any person" who shall commit any act which tends to cause, encourage or contribute to the delinquency of a child under 18 years. It operates equally upon every inhabitant of the Territory. There is, therefore, no denial of the equal protection clause of the Constitution.

Upon his third point defendant directs attention to the fact that the statute actually fixes eight different degrees of punishment, varying from a fine of not less than one hundred dollars or more than one thousand dollars or imprisonment in the Federal jail for not more than one year or less than one month to imprisonment in the penitentiary for not more than two years; and argues that such classification permits an unreasonable and arbitrary discretion in the officers and courts in the prosecution of such offenses. It will be observed in the first instance that the statute itself defines the crime as a felony. Regardless of this classification, however, the majority rule and that which has been applied in this jurisdiction is that where a statute defines an offense as "punishable" by imprisonment in the penitentiary, or which offense may be punished or is liable to be punished by such imprisonment, the offense is a felony, as the accused is subject to such punishment regardless of the penalty actually imposed. Annotation, 95 A.L.R. 1115; Sheridan v. United States, 9 Cir., 236 F. 305, 309; United States v. Kono, 4 Alaska 613, 619. Our statute defines felonies and misdemeanors as follows:

"Crimes are divided into felonies and misdemeanors. A felony is a crime punishable with death, or which is or may be punishable by imprisonment in the penitentiary. Every other crime is a misdemeanor." Sec. 65–2–2, A.C.L.A. It is otherwise if a statute prescribes a maximum punishment of confinement in a jail for not to exceed one year, which is a misdemeanor. United States v. Doo-Noch-Keen, 2 Alaska 624; United States v. Powers and Robertson, 1 Alaska 180.

As Sec. 65–9–11 makes the crime a felony in every instance regardless of the penalty imposed, it is entirely incorrect to say that prosecution for such offense may be laid in the discretion of the officers in a Justice of the Peace or magistrate's court, for prosecutions for felonies can only be had in the District Court. Hence there is no such discretion vested in the prosecuting officers as is claimed by the defendant.

The principle that the Legislature may exercise reasonable discretion in fixing punishment for crime, and that the courts may exercise judicial discretion in fixing punishment within the limits so prescribed, is too well fixed to be open to question. 15 Am.Jur., Criminal Law, 155, Sec. 507; State ex rel. Boyd v. Rutledge, 321 Mo. 1090, 13 S.W.2d 1061; Skinner v. Prather, 136 Kan. 879, 18 P.2d 154; State v. Woodman, 127 Kan. 166, 272 P. 132; Commonwealth of Pennsylvania ex rel. Sullivan v. Ashe, 302 U.S. 51, 55, 58 S.Ct. 59, 82 L.Ed. 43.

Finally, defendant contends that under the provisions of this statute a person may be found a habitual criminal upon conviction of four or more separate counts for contributing to the delinquency of a child. This contention, absurd in its application, is wholly inconsistent with statutory provisions fixing punishment for habitual criminals. It is well settled that habitual offender statutes apply only to persons who have been convicted of offenses committed after previous felony convictions. State v. Jones, 138 Wash. 110, 244 P. 395; Sec. 66–21–2, A.C.L.A.

The motion raises no issue of fact upon which the court is required to conduct a hearing; but it is conclusively shown that the prisoner is entitled to no relief upon the grounds claimed in his motion. The motion will therefore be denied.