[No. 39145.    Department Two.    August 10, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID LEIGH
MANTELL et al., *Appellants*.*

*James A. Alfieri*, for appellants Mantell et al.

*Murray B. Guterson*, for appellants Speerstra et al.

*Charles O. Carroll* and *Robert E. Dixon*, for respondent.

HUNTER, J.—By information the defendants (appellants)
were charged with violation of the Uniform Narcotic Drug
Act, RCW 69.33, by feloniously having in their possession
cannabis sativa, otherwise known as marijuana. A second
count charging possession of dangerous drugs was ulti-
mately dismissed. The defendants appeal from their convic-

*Reported in 430 P.2d 980.

tions with respect to count 1 and the sentences entered by the trial court sitting as the trier of fact.

The state's principal witness was Teresa Preal, who testified that on the evening of May 9, 1966, she returned home with the defendant David Holt and discovered drugs all around her 3-bedroom residence; that Holt, who had the keys to her house during the day, advised her that he and the defendant Sam Speerstra had come up to Seattle from California to sell drugs. Miss Preal testified that later the same evening, the defendants brought from a middle bedroom her jam kettle containing a green substance, which the three male defendants proceeded to sift through her strainer. She stated further that thereafter the sifted substance in the jam pot was rolled into cigarettes and smoked by all four defendants, including the defendant Melanie Nagel. Miss Preal also testified that the four defendants slept at her home that evening and were present when she left the next morning.

The record discloses that sometime during the day of May 10, 1966, Miss Preal made contact with the Seattle Police Department. A warrant was issued and at approximately 8 p.m. that evening, the police raided Miss Preal's home and arrested the defendants Holt and Mantell. At approximately 10 p.m. the defendants Speerstra and Nagel were placed under arrest when they returned to the Preal residence.

During the raid, the police found in the witness Preal's jam pot a green vegetable matter later identified as finely ground marijuana leaves. They also found in the middle bedroom a cardboard box cover containing green vegetable matter, which upon examination was determined to be marijuana leaves and stems. On the floor of the bedroom they found an open bag containing seeds and ground marijuana leaves and a suitcase containing nine kilo bricks, averaging 700 grams, which were determined to be compressed whole marijuana plants.

The police officers found in the residence other items which were later determined to contain varying amounts of numerous drugs including a long-stemmed bamboo pipe

containing charred marijuana; a small chunk of hashish (the residuum material of marijuana pressed into a cake); white crystalline containing methedrine, an amphetamine; three small packets, referred to as bindles, of methamphetamine; four bindles of barbiturate; a hypodermic syringe in a harmonica box also containing two needles and rubber bulbs; a packet and vial containing methamphetamine; a matchbox containing 36 capsules of lysergic acid diethylamide (LSD); a number of capsules containing LSD or psilocybin, a mushroom extract; and a glass bottle containing LSD in a clear liquid.

The trial court concluded from this evidence that the four defendants had, at the very least, smoked marijuana cigarettes, and held that, by such smoking, they were in possession of a narcotic drug interdicted by the Uniform Narcotic Drug Act. The trial court further found that the defendant Holt was guilty of possession of the nine kilo bricks of marijuana found by police officers, although his possession was not exclusive.

The defendants concede that under the Washington rule it is unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug, except as authorized by law. They contend, however, that we should adopt a California rule that proof of opportunity of access to narcotics, or a place where narcotics are found, without a showing of knowledge or intent to violate the law, will not support a finding of unlawful possession.

■ The rule in this state is predicated upon our construction of RCW 69.33. We have consistently held that it is not necessary for the prosecution to show knowledge or intent on the part of the accused to violate the act. *State v. Boggs*, 57 Wn.2d 484, 358 P.2d 124 (1961); *State v. Reid*, 66 Wn.2d 243, 401 P.2d 988 (1965); *State v. Garcia*, 69 Wn.2d 546, 419 P.2d 121 (1966). Mere possession is sufficient, *State v. Henker*, 50 Wn.2d 809, 314 P.2d 645 (1957), absent a showing by the defendant that his possession was unwitting, authorized by law, acquired in a lawful manner by lawful means, or otherwise excusable under the statute.

*State v. Morris,* 70 Wn.2d 27, 422 P.2d 27 (1967). We are not disposed to depart from the above rule in the absence of a legislative change.

■ The defendants contend that the finding of the trial court that each of the defendants, on May 9, 1966, was in possession of a cigarette containing marijuana, which each smoked at the time, is not supported by competent evidence in the record. They first argue that the state's witness to the smoking was not an expert qualified to identify narcotics. Although the defendants are correct in this respect, this fact in no way affected the competency of the witness to describe the physical characteristics of the substance observed by her in her jam pot, or to describe the manner in which the contents of the jam pot were sifted and rolled before smoking.

■ The defendants further argue, however, that the identification of vegetable matter in the jam pot as marijuana by police officers 24 hours later on May 10, 1966, while competent in other respects, was too remote in time to corroborate Miss Preal's testimony and trace the alleged drug in an unbroken chain to the defendants.

We think this argument is unsound as applied to the facts and circumstances of this case. The fact that expert identification of the *sifted* green substance, seized by police officers, as marijuana, occurred almost 24 hours after the offense charged in the information, does not, by mere passage of time alone, establish such remoteness to the criminal act or break in the chain of possession that this identification could not have probative value in corroborating the testimony of the nonexpert witness.

We are satisfied the trial court properly found that the green substance in the jam pot, testified to as being *sifted*, rolled and smoked by the defendants on the night of the offense, was in fact, marijuana; as corroborated by the actual discovery by police of *sifted* marijuana leaves in the same place and in the same condition described by the lay witness.

The defendant Holt argues that there is no evidence in the record to establish that he had possession of the nine kilo bricks of marijuana found by police officers at the residence.

Aside from the evidence adduced that this defendant had assisted in the sifting, rolling and smoking of marijuana and had by his own admission to Miss Preal planned to sell the drugs in Seattle, the record is clear that Holt was present in the residence at the time the nine kilo bricks of marijuana were seized by police officers. This fact alone is sufficient to support a prima facie presumption of unlawful possession, *State v. Morris, supra,* which here remained unrebutted by the failure of the defendant to show facts or circumstances which would leave a reasonable doubt in the mind of the trier of fact as to the unlawfulness of such possession. We therefore conclude that the trial court had before it sufficient evidence to find the defendant guilty of unlawful possession of the nine kilos of whole marijuana plant seized by the police.

The judgments of the trial court and the sentences entered are hereby affirmed.

FINLEY, C. J., HILL and NEILL, JJ., and BARNETT, J. Pro Tem., concur.

---

November 15, 1967. Petition for rehearing denied.