[No. 253-1.    Division One—Panel 2.    July 13, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. FORREST RAY BRYANT, *Appellant.*

Matsen, Cory, Matsen & Sprague and Thomas E. Sprague, for appellant.

Charles O. Carroll, Prosecuting Attorney, and John E. Nelson, for respondent.

HOROWITZ, A. C. J.—Defendant, Forrest Bryant, appeals from a conviction on the charge of contributing to the delinquency of a minor.

The evidence is virtually uncontradicted. Debra, age 14, and a girl friend, age 16, after prior planning, ran away from Debra's parents' home at which they both had been living. They had about $2 or $3 between them. The first night away from home they spent at the house of a boy-friend of a mutual girl friend. While at the house, the girls contacted the defendant, a teacher of theirs at the school they were attending. Both girls considered the defendant a "pretty close friend" and discussed their problems with him. They had already told him more than a month before that they were going to run away from home. The day after the girls had run away, defendant met them at a parking lot in Seattle and offered to take them home. The girls refused. He then arranged for the two girls to stay at the home of his 26-year-old male friend who lived alone. He stated "I didn't want to force them into doing just what I thought should be done." He also stated "I didn't want them to be walking on the streets." The girls told him they intended to go to San Francisco. Defendant provided the girls with the name of a male friend of his at San Francisco, and with $20 with which to buy food and help pay their transportation to San Francisco. Several days later, the girls left for San Francisco by car with the friend of defendant and by bus from Portland. While in San Francisco, the girls stayed at the home of the defendant's male friend to whom he had directed them. There the girls were exposed to a homosexual atmosphere and the use of marijuana.

During the time the girls were away from Debra's parents' home, Debra's parents and a police officer contacted the defendant for help in locating the runaway girls. Defendant falsely stated that he did not know where Debra was and refused to give any aid to enable the parents or police officer to contact her. About a week after the girls had arrived in San Francisco, the defendant drove to San Francisco and attempted to get the girls to return to Debra's parents' home. He testified he did so because "the whole problem had grown much bigger than what he originally thought." The two girls finally gave up, phoned their parents from San Francisco to send them money so that they could return to Seattle. They were persuaded to do so largely by the insistence of defendant and that of his San Francisco friend who told them that there was no place for them to stay and that they "had to go home whether you want to or not."

Contributing to the delinquency and contributing to the dependency of a minor are each separate misdemeanors. RCW 13.04.170. RCW 13.04.010 contains both a definition of a "dependent child" and of a "delinquent child." A dependent child is defined in considerable detail including any child under the age of 18 years "(8) Who is in danger of being brought up to lead an idle, dissolute or immoral life; . . ." Prior to Laws of 1961, ch. 302, § 1, the phrase "brought up" contained in RCW 13.04.010(8) read "growing up." RCW 13.04.010 also provides:

> The words "delinquent child" mean any child under the age of eighteen years who violates any law of this state, or any ordinance of any town, city, or county of this state defining a crime or who has violated any federal law or law of another state defining a crime, and whose case has been referred to the juvenile court by any jurisdiction whatsoever.

Defendant first contends that at best the evidence shows that he was guilty of contributing to the dependency of a minor and not guilty of contributing to the delinquency of a minor, the crime actually charged. The information charging the defendant with contributing to the delin-

quency of a minor alleged "said minor being then and there a dependent and delinquent person by reason of being in danger of growing up to lead an idle, dissolute and immoral life; . . ." The quoted language except for the use of the words "growing up" appears to be taken from RCW 13.04.010(8). Defendant argues, however, that under the statutory definition of a delinquent child one cannot be guilty of contributing to the delinquency of such a child unless the child violates a state law or municipal ordinance; that there is therefore no basis for the court's instruction to the jury which had the effect of permitting the jury to find the defendant guilty of contributing to the delinquency of a minor, the crime charged, by proof that he contributed to the dependency of a minor.

■ Defendant's contention as to the proper construction of RCW 13.04.010 read literally, would appear to have merit. However, in *State v. Clevenger,* 161 Wash. 306, 296 P. 1054 (1931), the court held that the above quoted statutory definition was not limited to the violation of law or the commission of a crime; that evidence of a defendant's conduct concerning a child "Who from any cause is in danger of growing up to lead an idle, dissolute or immoral life; . . ." *i.e.,* a dependent child, was evidence that would support a charge of contributing to the delinquency of a minor. The court went so far as to say "It seems to us that the terms 'dependent child' and 'delinquent child,' as used in this statute, are largely synonymous." *State v. Clevenger, supra* at 308.

■ At oral argument, defendant's counsel frankly conceded that unless *State v. Clevenger, supra,* is overruled, his assignment of error on this point cannot be upheld. *State v. Clevenger, supra* was decided in 1931. The case has never been overruled and it has been twice cited without disapproval. *In re Day,* 189 Wash. 368, 380, 65 P.2d 1049 (1937); *State v. Johnson,* 32 Wn.2d 268, 271, 201 P.2d 223 (1949). Furthermore, RCW 13.04.010 was amended in a number of respects in 1961 (Laws of 1961, ch. 302, § 1, p. 2473) without any amendment being included that would

in effect overrule *State v. Clevenger, supra.* In view of the apparent long acquiescence in the construction of the statute by *State v. Clevenger, supra,* both by the Supreme Court and by the legislature, we feel bound by that decision. See *McKinney v. Estate of McDonald,* 71 Wn.2d 262, 427 P.2d 974 (1967).

▮ It is true that the information in describing Debra as a dependent child used the pre 1961 phrase "growing up" instead of the post 1961 phrase reading "brought up." No exception, however, was taken to the use of the pre 1961 language and the error must be deemed waived. *State v. Scott,* 77 Wn.2d 246, 461 P.2d 338 (1969); *Hellbaum v. Burwell & Morford,* 1 Wn. App. 694, 702, 463 P.2d 225 (1969).

Defendant next contends that the court erred in instructing the jury that it was unlawful for any person to contribute to the "dependency or delinquency of a child under the age of 18 years"; and in effect instructing the jury that exposing a minor to the danger of becoming idle, dissolute or immoral was unlawful whether or not the minor actually became such; and in refusing defendant's proposed instruction which would have eliminated the reference to dependency in instructing on the law applicable. Because *State v. Clevenger, supra,* permits proof of the crime charged by proof that defendant contributed to the dependency of a minor as defined in RCW 13.04.010 (8), an instruction that the latter conduct is unlawful, and that exposing a minor to the danger of becoming idle, dissolute or immoral is unlawful, whether or not the minor actually becomes such, are correct statements of the law and pertinent to the charge made.

▮ Defendant finally contends that the evidence was insufficient to support the crime charged because there was no evidence of prior adjudication of the minor as a delinquent child; that accordingly, the "to convict" instruction given which failed to include the element of a prior adjudication, and the refusal of defendant's proposed instruction which would include a prior adjudication of delinquency as

an essential element of the crime charged, was error. RCW 13.04.010 contains no express requirement of prior adjudication, and the reasoning of prior Washington decisions supports the view that there is no such implied requirement. *State v. Johnson*, 32 Wn.2d 268, 271, 201 P.2d 223 (1949) and the cases therein cited. Cases from other jurisdictions relied on by defendant are distinguishable in that they either involve statutes which expressly require a prior adjudication of delinquency or involve conduct which does not constitute delinquency. See generally Annot. 18 A.L.R.3d 824 (1968). It follows that the trial court committed no error in refusing defendant's proposed instruction defining delinquency in the express language of the statute. The instruction failed to include the gloss imposed upon the statute by *State v. Clevenger, supra* and was therefore incomplete. See *State v. Robinson*, 2 Wn. App. 39, 466 P.2d 164 (1970).

The judgment is affirmed.

UTTER and WILLIAMS, JJ., concur.

Petition for rehearing denied October 16, 1970.

Review denied by Supreme Court November 13, 1970.