Ed WAGNER, Jr., et al., Plaintiffs,

v.

Charles J. HOLMES, Commissioner, Department of Corrections and Henry E. Cowan, Superintendent, Kentucky State Penitentiary, Defendants.

Misc. Docket.

United States District Court,
E. D. Kentucky,
Frankfort Division.

Aug. 1, 1973.

Ed Wagner, Jr., pro se.

Ed W. Hancock, Atty. Gen., Com. of Kentucky, Frankfort, Ky., for defendants.

## MEMORANDUM

SWINFORD, District Judge.

■ Wagner, an inmate confined in the Kentucky State Prison at Eddyville, seeks leave to proceed in forma pauperis in this action assailing the constitutionality of K.R.S. 197.140:

"No prisoner who is serving a sentence for rape, attempted rape, detaining a woman against her will, or who has escaped or attempted to escape from an adult correctional institution within the past five years, or who has been convicted of armed robbery or armed assault with intent to rob where any injury has been inflicted upon any other person during the commission of the offense, shall be worked or released for work outside of the walls of the prison. No prisoner who has been sentenced to life imprisonment shall be worked or released for work outside of the walls of the prison until he has actually served within the walls of the prison for at least one year of his sentence."

It is contended that this statute is constitutionally proscribed in that its enforcement enhances the penalty imposed and results in the abridgment of the parole, rehabilitation, employment, and visitation privileges accorded those convicted of crimes not mentioned in K.R.S. 197.140.

■ The dissimilar treatment decreed for those subject to this provision does not violate the Equal Protection Clause. It is well within the province of the legislature to establish varying degrees of punishment for different offenses. Mason v. Henderson, E.D.La., 337 F.Supp. 35 (1972); United States v. Meyers, 143 F.Supp. 1, 16 Alaska 368 (1956). Further, the assailed statute easily satisfies the applicable standard for testing such classifications:

"The Equal Protection Clause does not detract from the right of the State to segregate prisoners from society but it does require that: (1) classification of one group of prisoners from another group of prisoners must not be arbitrary, but based on a valid and substantial difference, (2) the state policy involved must be in furtherance of a legitimate objective of government, and (3) there must be a real and substantial nexus between the classification and the objective." Gainey v. Turner, E.D.N.

C., 266 F.Supp. 95, 101 (1967), citing Quaker City Cab Company v. Commonwealth of Pennsylvania, 277 U.S. 389, 48 S.Ct. 553, 72 L.Ed. 927 (1928).

K.R.S. 197.140 focuses upon those prisoners who, because of their conviction for violent offenses or propensity for escape, would be most likely to abuse the temporary freedom of the work release program by attempting escape or causing further violence.

Although inmates retain many constitutional guarantees, certain attributes of citizenship are necessarily surrendered as an incident of incarceration:

> "Criminal activity, it is thought, once proved by legal procedures, fairly works a forfeiture of any rights the curtailment of which may be necessary in pursuit of these ends, such as the right of privacy, association, travel, and choice of occupation." Landman v. Royster, E.D.Va., 333 F.Supp. 621, 643 (1971).

Accord, Jones v. Wittenberg, N.D.Ohio, 323 F.Supp. 93, 98 (1971), aff'd 6th Cir., 456 F.2d 854 (1972).

■■ One of the rights sacrificed as inconsistent with institutional security is that of freely leaving the prison to engage in outside employment. Participation in an outside work release program is in this respect a privilege, not a right; it is comparable to the educational opportunities extended to certain inmates: a benefit which may be withdrawn without constitutional proscription. Shaw v. Beto, S.D.Texas, 318 F.Supp. 1215 (1970); United States v. Pate, N.D.Ill., 229 F.Supp. 818 (1964). A prisoner has no more right to secure outside employment that he has to refuse work while in prison. See Draper v. Rhay, 9th Cir., 315 F.2d 193 (1963), cert. denied 375 U.S. 915, 84 S.Ct. 214, 11 L.Ed.2d 153 (1963); Sims v. Parke Davis & Co., E.D.Mich., 334 F.Supp. 774 (1971), aff'd 6th Cir., 453 F.2d 1259 (1971), cert. denied 405 U.S. 978, 92 S.Ct. 1196, 31 L.Ed.2d 254 (1972).

A somewhat similar demand was forwarded in Mercer v. United States Medical Center for Federal Prisoners, W.D.Mo., 312 F.Supp. 1077 (1970), an action involving the federal statute which authorizes the Attorney General to administer work release programs: 18 U.S.C. § 4082. The plaintiff's attack upon the refusal of the authorities to allow him to seek outside employment was rebuffed by the court: the availability of such an opportunity was a privilege dispensable at the option of the Attorney General, not a right commanding judicial enforcement. See also Breece v. Swenson, W.D.Mo., 332 F.Supp. 837, 843 (1971).

■■ The granting of leave to proceed in forma pauperis is a discretionary decision which should not be exercised where it appears that the contemplated action is frivolous or malicious. 28 U.S.C. § 1915(d); Shields v. United States, E.D.Ky., 201 F.Supp. 790 (1962), aff'd 6th Cir., 310 F.2d 708 (1962), cert. denied 374 U.S. 837, 83 S.Ct. 1888, 10 L.Ed.2d 1058 (1963). This court finds no possible constitutional infirmity in K.R.S. 197.140; accordingly, an order will be entered denying leave to proceed in forma pauperis and dismissing the complaint.