[No. 1765-3.    Division Three.    January 4, 1977.]

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL VERN DAVIS, *Appellant.*

*Daniel N. Clark* and *Ringhoffer & Clark*, for appellant.

*Arthur R. Eggers, Prosecuting Attorney*, and *John S. Biggs, Assistant*, for respondent.

SHIELDS, J.*—Michael V. Davis appeals from a conviction of felony possession of a controlled substance, marijuana, RCW 69.50.401, and from a conviction of contributing to the delinquency of a minor, RCW 13.04.170. Reversed as to both counts.

As to the conviction of felony possession of a controlled substance, the defendant asserts three errors. The first attacks the validity of the search warrant. The second chal-

---

*Judge George T. Shields is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

lenges the sufficiency of evidence of constructive possession based on dominion and control of the premises searched. The third challenges the sufficiency of evidence to establish the quantity of marijuana in excess of 40 grams. Because of our disposition on the second asserted error, it is unnecessary to deal with the first and third.

The record reflects that a party, involving approximately 20 people, was in progress at premises located at 302 W. Fourth Street, Waitsburg, Washington, in the late evening of November 15, 1974. During its progress, the Chief of Police and a sheriff's deputy entered the premises with a search warrant in the early morning hours of November 16, 1974. Both alcohol and marijuana were found on the premises. Three juveniles were present in the living room, together with Mr. Bradley Barton who owned the house, and Vicki Richter, a permanent resident. Defendant's vehicle was parked outside the house and he was found lying down in one of the bedrooms on the main floor of the house normally occupied by Mr. Barton and Miss Richter. No marijuana was found on defendant's person, or in the room in which he was sleeping, or in any of his belongings on the premises.

Earlier on November 15, 1974, defendant was stopped for a traffic violation in the town of Dayton, Washington, by State Patrol Trooper Goble. Defendant's driver's license showed a Dayton address of 421½ Washington Street, but defendant told Trooper Goble he was temporarily living in Waitsburg at a house on Fourth Street, whose house number he did not know. The trooper used the Dayton address in issuing a warning ticket.

From October 1974, to the night of the arrest, the defendant had been living with his mother at 1408 South Fifth Street in Dayton, Washington, and was residing there at the time of trial. The defendant also had stayed on occasion with his stepmother at 711 East Dayton Street in Dayton. It was this address defendant used on the date of his arrest. On the weekend in question, defendant's mother asked him to stay with a friend as she was expecting company.

Defendant had stayed at the Barton residence previously and kept a sleeping bag there which he rolled out on a couch in the living room. Some of his clothing was set in a pile on one side of the bedroom in which he was found at the time of arrest. After the entry and search by the officers, those not residing in the house were asked to leave. Five people remained: Mr. Barton, the owner; Vicki Richter, the permanent resident; Mr. Carter and Miss Snyder, who occupied the upstairs room, and the defendant.

As a matter of law, one cannot have constructive possession of marijuana found in a house predicated upon his mere presence therein. There must be a showing of dominion and control by him of the premises themselves. *State v. Mathews*, 4 Wn. App. 653, 656, 484 P.2d 942 (1971). Such possession and control of premises need not be exclusive,[1] but may be inferred from such circumstances as payment of rent,[2] or possession of keys.[3] Absent evidence of actual possession of the controlled substance[4] or of participation in its processing,[5] even additional facts of temporary residence, personal possessions in the premises, or knowledge of the presence of controlled substances are insufficient to show dominion and control of the premises, *State v. Callahan*, 77 Wn.2d 27, 459 P.2d 400 (1969). There is no evidence here of actual possession of the marijuana, and the evidence is insufficient to show dominion and control over the premises. Therefore, the defendant's conviction for felony possession of a controlled substance must be reversed.

As to the conviction for contributing to the delinquency of a minor, defendant asserts a lack of evidence that he in any manner willfully encouraged, caused, or contributed to the delinquency of the three minor girls. We agree. When

---

[1] *State v. Wheatley*, 10 Wn. App. 777, 519 P.2d 1001 (1974).

[2] *State v. Walcott*, 72 Wn.2d 959, 435 P.2d 994 (1967); *State v. Morris*, 70 Wn.2d 27, 422 P.2d 27 (1966).

[3] *State v. Mantell*, 71 Wn.2d 768, 430 P.2d 980 (1967).

[4] *State v. Werry*, 6 Wn. App. 540, 494 P.2d 1002 (1972); *State v. Chakos*, 74 Wn.2d 154, 443 P.2d 815 (1968).

[5] *State v. Mantell*, 71 Wn.2d 768, 430 P.2d 980 (1967).

the police entered the premises they identified three girls as minors, two of whom were drinking beer in the living room. There was half a case of beer near the coffee table and a keg of beer on a table in a corner. Assorted beer bottles were observed around the room. The keg had been brought in by the resident, Vicki Richter. When one of the minors arrived at the house with someone else, the defendant was present and they may have talked. At the time the police arrived, defendant was not in the living room, and did not, as concluded above, have dominion or control over the premises.

The particular act or acts which define the offense of encouraging, causing, or contributing to the delinquency of a minor are not defined, except as to the result produced. RCW 13.04.170; *State v. Friedlander*, 141 Wash. 1, 5, 250 P. 453 (1926). However, an act or acts must be established. *State v. Adams*, 95 Wash. 189, 194-95, 163 P. 403 (1917); *State v. Clevenger*, 161 Wash. 306, 311, 296 P. 1054 (1931). Mere presence in the house, without a showing of participative conduct, is not such an act. *Zediker v. State*, 218 So. 2d 464 (Fla. App. 1969); *State v. Bryant*, 3 Wn. App. 15, 16, 472 P.2d 408 (1970).

Judgment of the Superior Court is reversed.

McINTURFF, C.J., and GREEN, J., concur.